## AYERS v. RIVERS ET AL.

1. **Mortgage:** SECURING NOTES SUCCESSIVELY FALLING DUE: PRIORITY OF NOTES: POWER OF COURT TO FIX. Where a mortgage secures several notes maturing at different times, the proceeds of a foreclosure sale should ordinarily be appropriated to the payment of the notes in the order of their maturity; but this rule may be changed by agreement, or, in a proper case, by the adjudication of the court rendering the decree of foreclosure.

2. **Mortgage Foreclosure:** NO GENERAL EXECUTION TILL MORTGAGED PROPERTY EXHAUSTED. Where a decree foreclosing a mortgage provided for a sale of the mortgaged premises (which were amply sufficient to satisfy the debt) under a special execution, and for a general execution for any balance that might remain after the sale of the mortgaged property, *held* that plaintiff was not entitled to a general execution in the first instance, but was bound first to exhaust his remedy under the special execution.

3. **Equitable Relief:** NOT GRANTED WHERE THERE IS LEGAL REMEDY. Where one has a right under a special execution, pursuant to a decree of foreclosure, to sell certain lands in satisfaction of his debt, a court of equity will not inquire whether or not the debtor has fraudulently conveyed the lands to another.

*Appeal from Dallas District Court.*

WEDNESDAY, OCTOBER 22.

ACTION in chancery by a creditor's bill to subject certain real and personal property to a judgment against defendant, F. B. Rivers, which, it is alleged, he fraudulently conveyed

to his wife and co-defendant, J. A. Rivers. At the trial upon the merits plaintiff's petition was dismissed. He now appeals to this court.

*D. W. Woodin, North & Barr* and *John B. White,* for appellant.

*M. H. Baugh* and *A. R. Smalley,* for appellees.

BECK, J.—I.   The facts, so far as they are involved in the decisive questions of this case, are as follows:   Defendant, F. B. Rivers, executed to plaintiff a mortgage upon certain lands to secure four promissory notes, one falling due each successive year, and all drawing annual interest. Three of these notes having fallen due, plaintiff instituted proceedings to foreclose the mortgage and recover the amount due thereon, together with the interest due upon the fourth note. A decree of foreclosure and a judgment was entered in the case, containing this provision: "That the equity of redemption of defendant be forever barred and foreclosed according to law, reserving and in no manner affecting or diminishing the lien of plaintiff securing said note maturing June 1, 1879; that a special execution issue for the sale of said mortgaged premises, or so much as may be necessary to satisfy said amount herein found due, subject, however, to the lien of said last mentioned note, and that a general execution issue for any balance remaining unsatisfied after said mortgaged premises shall be exhausted.   And it is further ordered that if said mortgaged premises shall sell for an amount more than that herein found to be due, said excess shall be applied to the payment of said last mentioned note, the plaintiff making a rebate of interest to accrue from date of judgment up to its maturity, and that this cause be continued for the maturity of the last mentioned note."   It is proper to observe here that the note referred to by its date in the decree is the note last falling due, which was not mature when the decree was rendered. Judgment appears to have been rendered for the full amount

of the three notes first falling due, together with the interest due on the fourth, and the decree provides for the appropriation of any surplus which may remain, after payment of the first three notes, upon the last note. A special execution was issued upon the decree and judgment, and the land described therein, and in the mortgage, was sold to plaintiff for the amount of the judgment and interest and costs. The certificate issued by the sheriff upon the sale of the lands was assigned by plaintiff to another, to whom a sheriff's deed was made. Prior to the execution of this deed, and before the expiration of the time for redemption, another decree in the case was rendered, foreclosing the mortgage as to the fourth note, and a judgment was rendered against F. B. Rivers for the amount due thereon, which is declared by the decree to be a lien upon the lands described in the mortgage from the date thereof. A special execution for the sale of the lands, or so much thereof as shall be necessary to satisfy the judgment, was ordered, and a general execution was awarded against defendant for any balance which should remain unpaid after the sale of the mortgaged property. After the rendition of the decree and the execution of the sheriff's deed, the plaintiff made application to the judge of the court at chambers for an order directing the clerk to issue a general execution, no special execution having been issued. This order was made on condition that plaintiff should waive upon the record the issuing of a special execution, which was complied with, and thereupon a general execution was issued. It is proper to remark here that, when this order was made, it is evident that the judge was not informed of the conditions of the two decrees, or, at least, these matters were not brought to his attention.

The plaintiff instituted proceedings auxiliary to this execution, authorized by Code, § § 3135–3149, in which defendants were examined under oath touching the property of defendant in execution. After this was done, this action was commenced, in which plaintiff seeks to have declared fraudu-

lent and void the conveyance made by F. B. Rivers of the lands and property described in the petition, which included the land covered by the mortgage and the decrees of foreclosure rendered thereon. Upon the hearing of the case the district court dismissed plaintiff's petition, and entered an order setting aside and annulling the order made at chambers directing the issuing of the general execution.

II. In our opinion the final decree of the district court in this case is correct, for the reasons, which seem to have been the grounds of the decision of the court below, that the general execution was unlawfully issued, and the second decree was a lien upon the land paramount to the first decree, as expressly provided thereon.

The mortgage created a lien upon the land for the whole debt. The lien existed alike for the security of each note. The note last falling due was secured by the lien, as well as the others. But, under familiar rules, in the absence of any agreement or adjudication to the contrary, upon foreclosure the proceeds arising from the land must be appropriated to the payment of all notes secured in the order of their maturity, and, when lands are sold upon a decree in satisfaction of the notes first maturing, and the property is exhausted in payment thereof, the land stands free from the lien as to the notes subsequently falling due. But it cannot be doubted that these provisions of the law may be changed by agreement, or by the adjudication of the court rendering the decree, upon a proper case for such relief. Now, this very thing was done by the first decree in this case. It is expressly declared that the foreclosure shall in no manner affect or diminish the lien securing the last note, and that the sale of the lands shall be subject to such lien, thus in explicit language reserving and perpetuating the lien for the security of the last note. The language of the decree is so plain that it demands no aid by discussion in order to point out its meaning. The second decree clearly contemplates, and in express language declares, the existence of a lien from the date of the mortgage. To

these decrees no objections were made, and from them no appeal was taken. The condition in question was within the jurisdiction of the court to ordain, and is conclusive as to the parties and as to the whole world.

The second decree was, therefore, a lien upon the lands paramount to the first, and upon it they may be sold in satisfaction of the note last falling due, and of the decree and judgment entered thereon.

The order of the judge of the court directing general execution to be issued was not authorized by the facts of the case. Without here determining that it was made in the absence of authority, it is plain that it was in contravention of the rights of the parties, and was properly set aside upon the final hearing of the case.

III. The evidence shows that the lands covered by the mortgage are amply sufficient to satisfy the decree and judgment rendered on the last note, and that, upon the sale under special execution, the claim for the collection of which this proceeding is envoked will be fully discharged. As plaintiff has a complete remedy, which he may enforce at any time, for the collection of his debt, chancery will not inquire into the validity of the conveyances he assails, for the reason that no benefit would result to him therefrom. We are not therefore permitted to consider that branch of the case involving the fraudulent character of the decree made by F. B. Rivers. The judgment of the district court is

AFFIRMED.