CATHERINE MOORE v. J. E. CRANDALL, Appellant.

**Mortgages:** BREACH OF CONDITION: MATURITY: NOTICE OF ELECTION.
1 A stipulation in a mortgage that if the mortgagor fails to effect insurance on the premises to the mortgagee's satisfaction, the mortgagee may at his option treat the whole debt as due and payable, authorizes suit and foreclosure without notice to the mortgagor of an election to treat the whole sum due.

**Same:** FORECLOSURE FOR BREACH OF CONDITION: SUBSEQUENT TENDER.
2 Where a mortgagee has elected to treat the whole sum due because of the breach of a condition by the mortgagor, and has begun suit for foreclosure, the action can not be abated by subsequent tender of performance of the broken condition.

Same: COMPLIANCE WITH CONDITION OF MORTGAGE AS TO INSURANCE. Where a mortgage requires the mortgagor to keep the premises insured, he is bound to do so during the whole life of the mortgage; and even though an existing policy which provided that it should be void in case of an incumbrance of the property is approved by the mortgagee, it is the mortgagor's duty to procure an endorsement of the insurance company's consent to the mortgage on the policy; and he can not excuse himself for failing to do so on the ground that he did not know what was required of him to comply with the provisions of the mortgage.

Same: FORECLOSURE: TAXATION OF ATTORNEY'S FEES. Code, section 3871, makes it a condition precedent to the taxation of attorney's fees against a resident of the county, that the debtor be first afforded a reasonable opportunity to discharge his debt. So that where a mortgage has been matured by an election of the payee in bringing suit thereon, because of the breach of a condition to keep the property insured, the mortgagor should not be taxed with attorney fees.

Same: WAIVER: PLEADING. Waiver of the right to declare a mortgage due because of a breach of condition is not available as a defense to a suit on the policy unless pleaded.

Appeal: AMENDED BRIEF. The objection that a decree awarded an erroneous rate of interest, though first raised by an amendment to appellant's brief filed before the appellee's argument on appeal was served, could not have prejudiced the latter so as to require that the amendment be stricken.

Appeal: APPROVAL OF DECREE: CORRECTION ON APPEAL: ESTOPPEL. Where the error in a decree is such that it can be first raised and corrected on appeal, the "O. K." of the decree by the opposite attorney before it was recorded merely approved the form of the entry as embodying the court's decision, and will not estop such party from questioning the ruling made therein on the appeal.

Mortgage foreclosure: ALTERNATIVE DECREE. Where a decree foreclosing a mortgage provides for a sale of the mortgaged premises under special execution, and for a general execution for any balance remaining, the mortgagor should not also be decreed the right to waive any rights under the foreclosure and to have a general execution against all the mortgagor's property.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge

TUESDAY, FEBRUARY 15, 1910.

ACTION to foreclose mortgage resulted in decree as prayed. The defendant appeals.—*Modified* and *affirmed.*

*John F.* and *Wm. R. Lacey,* for appellant.

*F. D. Reid* and *Burrell & Devitt,* for appellee.

LADD, J.—The defendant borrowed $4,000 of plaintiff, his wife's mother, and executed his promissory note therefor, bearing interest at five percent per annum, dated March 4, 1907, and payable on or before five years thereafter. To secure payment, he executed a mortgage on forty acres of land, therein stipulating that:

Said mortgagor shall, while any part of said principal or interest remains unpaid, pay all taxes on said mortgaged premises before they become delinquent, and he shall keep the buildings thereon insured to the satisfaction of the mortgagee, and the policy payable in case of loss to the holder hereof as his interest may then appear, and in case of his failure to comply with either of these provisions the holder hereof may, at his option, cause such taxes to be paid and insurance to be effected, and may thereon add the amount so paid by him to the sum next falling due and shall have the above rate of interest thereon from the time of payment until repaid. It is provided that if said mortgagor shall fail to pay the installments of principal and interest as they fall due or neglect or refuse to pay the taxes or effect the insurance as above provided for for more than thirty days, then the holder hereof may, at his option, without giving notice, consider the principal and interest, and the amount paid by him for taxes, and insurance on said premises, due and payable, and may, without delay, proceed to foreclose this mortgage.

The defendant had procured a policy of insurance for $2,800 on buildings from the Prairie Farmers' Mutual Insurance Company in 1903, conditioned that, if the subject of insurance be or become incumbered unless

otherwise agreed, it should be void.  Prior to March 21, 1908, there was no agreement obviating this condition, nor any indorsement such as exacted by the policy.  This action was begun March 17, 1908, and the petition, filed two days later, alleged that defendant had failed to comply with the provisions of the mortgage quoted, and that the "petitioner decided to consider said principal and interest due and payable."  The defendant denied that he had failed or neglected to keep the buildings insured as required, denied that any demand had been made for insurance or change in the conditions thereof prior to the beginning of the action, and averred that immediately thereafter, and when first apprised of plaintiff's objection thereto, he caused the policy heretofore referred to to be properly indorsed, and tendered the same to plaintiff's attorney, who refused it because of a mutual company, and immediately thereafter procured insurance in a stock company which said attorney also declined to accept.  The defendant further averred that the requirement that insurance to the satisfaction of the mortgagee necessarily gave the mortgagor the right to be informed of such dissatisfaction in order to enable him to correct the policy or procure another, and, no opportunity of the kind having been accorded him, the suit ought not to be maintained.

I.  A stipulation like that in the mortgage in suit, save that it related to the payment of interest, was considered in *Swearingen v. Lahner,* 93 Iowa, 147, and the court there held that no previous notice of the election to declare the principal and interest due because of a breach of such a provision or demand of payment was essential prior to the maintenance of an action for the entire indebtedness.  This was put on the ground that such stipulations are not to be regarded as in the nature of a penalty or forfeiture, and for this reason viewed with disfavor by the court, but are agreements for bringing the indebtedness

1. MORTGAGES: breach of condition: maturity: notice of election.

to an earlier maturity than expressed upon the face of the instruments, and are to be construed and the intention of the parties ascertained by the same rules as other contracts. The election to declare the indebtedness due in such a case is not merely the mental act of the mortgagee, as argued by the appellant, but is clearly manifested by the commencement of the action.

In that case it was also held that, after the indebtedness had fully matured, any subsequent tender of the interest will not defeat the action. Here the parties had expressly agreed that the mortgagee might, at her option, upon the neglect to effect the insurance as provided, consider the principal and interest due, and might without delay begin proceedings to foreclose the mortgage, and we know of no reason why such a stipulation should not be enforced. In 1 Jones on Mortgages, section 78, it is said that the condition of the mortgage that the mortgagee shall keep the buildings upon the mortgaged premises insured against fire in a certain sum for the benefit of the mortgagee is a usual condition of a mortgage, and that the breach of such condition is "as effectual in giving the mortgagee a right to enforce his mortgage as is a breach of the condition to pay an installment of interest or principal or the whole debt." To the same effect, see *Walker v. Cockey,* 38 Md. 75.

II. The defendant neglected for more than a year to effect insurance. Even if plaintiff had expressed her satisfaction with the company or policy prior to the execution of the mortgage, this did not warrant the defendant in not obtaining an indorsement to her as stipulated in the mortgage as thereafter executed, nor exonerate him from obtaining the company's consent to the incumbrance in accordance with the provisions of the mortgage. That on March 21, 1908, the policy was indorsed as payable to the mortgagee as her interest might appear and tendered

2. SAME: foreclosure for breach of condition: subsequent tender.

to plaintiff's attorney, or that on April 4th of the same year, defendant procured a policy in a stock company properly indorsed and tendered to said attorney, will not defeat the action. The indebtedness had become due, the action begun, and it could not be abated by a subsequent tender of compliance with the conditions of the mortgage.

III. The mortgage did not define the kind or amount of insurance nor the character of the company. Because of such indefiniteness, had defendant furnished any kind of insurance contract on the buildings with any company in any amount, there might have been ground for insisting that the mortgagee indicate her dissatisfaction therewith, and that reasonable opportunity be afforded to render it satisfactory. If the policy was such as the mortgagee approved prior to the execution of the mortgage, it was rendered void thereby, and she was furnished no indemnity whatever against the contingency of the security being impaired by the destruction of the buildings. The defendant testified to ignorance on his part of what was required, but the terms of the policy declaring it void in event of the premises being or becoming incumbered were plain, and the mortgage specified precisely the indorsement required. The provisions of an instrument stipulating security can not be frittered away on the excuse of not knowing what he was presumed to have been aware of, or because of forgetfulness. *Spring v. Fisk,* 21 N. J. Eq. 175; *Noyes v. Clark,* 7 Paige (N. Y.) 179 (32 Am. Dec. 620). By the mortgage he had stipulated to keep the buildings insured, and this meant that they should be insured all the time during the period of the mortgage. *Heins v. Wicke,* 102 Iowa, 396. Possibly because of the indefiniteness of the insurance clause consultation might have been essential to the furnishing of satisfactory indemnity, but the mortgagee was not required to take the initiative. The obligation to keep the buildings insured

3. SAME: compliance with condition of mortgage as to insurance.

to her satisfaction was his, and, until he took some action, there was nothing for her to do. Had he effected insurance or tendered performance, a different question might have arisen. One who undertakes to perform such an obligation for the benefit of another can not excuse its entire omission by insisting that he was unaware of what might prove satisfactory. See *Iowa-Minnesota Land Co. v. Conner,* 136 Iowa, 674. There is no merit in counsel's suggestion that the agreement to keep the buildings insured was a promise to pay property, and therefore a demand was essential to mature the indebtedness. See section 3056, Code.

IV. Appellant contends that, inasmuch as he was afforded no opportunity to pay before the plaintiff elected to declare the indebtedness due, no attorney fee should have been taxed as part of the costs. Section 3871 of the Code reads: "No such attorney fee shall be taxed if the defendant is a resident of the county and the action is not aided by an attachment, unless it shall be made to appear that such defendant had information of and a reasonable opportunity to pay the debt before action was brought. This provision, however, shall not apply to contracts made payable by their terms at a particular place the maker of which has not tendered the sum due at the place named in the contract." The manifest design of this statute is that as a condition precedent to the taxation of attorney's fees a debtor must be afforded a reasonable opportunity to discharge his debt. But for the last sentence, it could not well be claimed that attorney's fees should be taxed. That, however, forms no exception to the rule of the first sentence, for, when the instrument names the place of payment, the maker ordinarily is afforded a reasonable opportunity to pay before maturity. In neither situation, however, is there such opportunity where the indebtedness becomes due on the

4. SAME: foreclosure: taxation of attorney's fees.

election of the obligee by bringing suit. In such event, tender when due would be practically impossible. The evident purpose of the last sentence is to obviate the necessity of a demand at maturity when the place of payment is specified, but has no application to a situation where the debt only becomes due on election unless the maker is advised thereof long enough before suit brought to afford a reasonable opportunity to pay. In other words, the last sentence relates to instruments which may be complied with at maturity by payment or tender thereof at a particular place, and not to those in which the opportunity to pay depends on the election of the maker, and not on the designation of the place of payment. Both the parties resided in the county, and the note was payable at Oskaloosa, but it was matured by the election of the payee in bringing suit of which the defendant had no other notice. No attorney fees should have been taxed. In *Livermore v. Maxwell*, 87 Iowa, 705, liability was denied, while here the indebtedness was not questioned, and therefore the case is not in point.

V. The contention that the right to mature the indebtedness was waived is disposed of by the fact that such waiver was not pleaded. The allegation that $22.50 for

5. SAME:
waiver:
pleading.

insurance was paid by the mortgagee was not put in issue by the answer, and for this reason was rightly included in the judgment.

VI. The decree as entered provided that the amount awarded draw interest at the rate of six per cent. per annum, whereas the instruments by their terms bore but

6. APPEAL:
amended
brief.

five per cent. and for this the petition prayed. The point is raised by an amendment to appellant's brief first filed. Appellee asked that this be stricken because the point was not among those originally asserted. The amendment was filed before appellee's argument was served, and no prejudice

could have resulted by stating the point in a separate paper. The motion is overruled.

There is some dispute as to whether the form of decree as prepared was marked "O. K." by an attorney for defendant before being entered of record. If so, this

7. APPEAL:
approval
of decree:
correction
on appeal:
estoppel.

no more than approved the form of the entry as expressing the decision as announced by the court, and ought not to be construed as estopping a party from questioning the correctness of any ruling therein expressed. See *Christie v. Insurance Co.,* 111 Iowa, 179; *Callanan v. Votruba,* 104 Iowa, 675. The error was such as might be raised on appeal and corrected. *Ainley v. Insurance Co.,* 113 Iowa, 709; *Kenyon v. Tramel,* 71 Iowa, 693.

The decree directed sale on special execution against the premises and general execution for any unsatisfied balance, or, at plaintiff's option, she was allowed to waive any

8. MORTGAGE
FORECLOSURE:
alternative
decree.

right under the foreclosure, and cause to be issued general execution against all defendant's property. The portion allowing the exercise of the option was contrary to section 4289 of the Code, and should have been omitted. *Ayers v. Rivers,* 64 Iowa, 543.

The decree will be modified in the respects found to be erroneous, and, as so modified, is *affirmed.*