CARA A. FELLERS, Appellee, v. A. W. SANDERS et al., Appellees; VERA LAKE, Trustee, et al., Appellants.

**APPEAL AND ERROR:** Review—Party Entitled to Allege Error—
1 **Error Affecting Only Coparty.** An appellant may not complain of a judgment against a non-appellant when the judgment does not affect appellant in any degree. (See Book of Anno., Vol. 1, Sec. 11548, Anno. 54 *et seq.*)

**RECEIVERS:** Grounds for Appointment—Mortgage Foreclosure. Ap-
2 pointment of a receiver in foreclosure proceeding is proper (1) when the mortgage pledges the rents, (2) when the property on sale has proved inadequate to satisfy the debt, and is going to waste, and (3) when the parties personally obligated to pay are insolvent. (See Book of Anno., Vol. 1, Sec. 12713, Anno. 42 *et seq.*)

**COSTS:** Taxation—Attorney Fees—Presumption. The taxation of an
3 attorney fee under a contract provision therefor will not be disturbed on appeal unless complainant presents a record which affirmatively shows facts which render the taxation unauthorized.

**APPEAL AND ERROR:** Presentation of Grounds—Taxation of Attor-
4 ney Fee. The taxation of any attorney fee which is unquestioned in the trial court may not be questioned on appeal. (See Book of Anno., Vol. 1, Sec. 12827, Anno. 18 *et seq.*)

Headnote 1: 4 C. J. p. 698. Headnote 2: 27 Cyc. pp. 1624, 1625, 1626. Headnote 3: 4 C. J. pp. 552, 790. Headnote 4: 3 C. J. p. 885.

Headnote 2:   7 L. R. A. (N. S.) 1008; 4 A. L. R. 1415; 26 A. L. R. 33; 19 R. C. L. 561.   Headnote 3:   7 R. C. L. 797.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

OCTOBER 26, 1926.

Action in equity, to foreclose a mortgage. From a decree for plaintiff, and appointing a receiver for the mortgaged property, certain of the defendants appeal.—*Affirmed.*

*John E. Lake,* for appellants.

*C. C. Orvis,* for appellee.

VERMILION, J.—The proceeding was originally commenced by Cara A. Fellers, the mortgagee, against the mortgagors, certain grantees of the mortgagors, who had assumed the mortgage debt, and the present holder of the title, Vera Lake, trustee. Prior to the trial, the note and mortgage were assigned to Montgomery, who had, as a grantee of the property, assumed and agreed to pay the mortgage; and he was substituted as plaintiff. The defendants Vera Lake, trustee, John E. Lake, and Vera Lake, only, have appealed. The appellants present three grounds upon which they rely for a reversal.

I. Appellants complain of the judgment against the makers of the note and the mortgagors, and in favor of Montgomery, their grantee, who assumed and agreed to pay the mortgage debt. As to this, it is sufficient to say that the mortgagors made default below, and have not appealed from the judgment. The appellants are in no manner prejudiced by a judgment against the makers of the note and mortgage.

1. APPEAL AND ERROR: review: party entitled to allege error: error affecting only coparty.

II. The chief complaint is over the appointment of a receiver for the mortgaged premises. The petition was filed November 26, 1924. On December 8, 1924, an amendment was filed, alleging that the property was being depreciated, run down, and going to waste, and the rents and profits were being lost. It was further alleged that the appellant Vera Lake, trustee, and her husband, the appellant John E. Lake, were in

2. RECEIVERS: grounds for appointment: mortgage foreclosure.

possession of the property, and did not intend to pay any interest on the mortgage or to keep the property in repair; that she had failed to pay the taxes; and that the property would not sell for sufficient to pay the indebtedness due plaintiff. The appellants appeared to the petition as amended, and resisted the appointment of a receiver.

The appellant Vera Lake is the holder of a junior lien upon the premises, and Vera Lake, as trustee, acquired title to the mortgaged premises October 31, 1924. Vera Lake and her husband, John E. Lake, moved into the premises on November 1, 1924, after the commencement of the foreclosure proceedings, and before the filing of the amendment asking for the appointment of a receiver.

There is no claim that the rents and profits are not pledged in the mortgage. See *Young v. Stewart*, 201 Iowa 301. Appellants complain that the property is their homestead, and that the facts shown in evidence were insufficient to warrant the appointment. The record discloses that the property has been sold on special execution under the judgment herein for less than the amount of the judgment, so that the fact that it was a homestead would present no insuperable obstacle to sustaining the appointment of a receiver, under the rule laid down in *Sheakley v. Mechler*, 199 Iowa 1390.

We shall not review the evidence in detail. There was a conflict in the testimony as to the value of the property, but the inadequacy of the security to satisfy the mortgage debt is conclusively established by its sale on execution for less than the amount due on the judgment. *Sheakley v. Mechler*, supra.

That the property, a suburban residence, was rapidly getting into a state of bad repair is beyond question. Appellants say that this is chargeable to the appellee Montgomery, who was at one time the owner of the property, and who now, as the assignee of the mortgagee, is seeking this redress for the results of his own neglect.

Montgomery acquired the title nearly two years after the execution of the mortgage, and held it eleven months. A year and two months thereafter, the appellants purchased the property, the title being taken in the name of Vera Lake, trustee, after it had, in the meantime, passed through the hands of two successive owners. Appellants occupied the property from De-

cember 1st, a month after their purchase, up to the time of the trial, on March 30, 1925. During their occupancy of the property, notwithstanding the sad need for repairs, appellants have expended only $14.10 upon it. We do not think the condition of the property at the time of the trial was so exclusively chargeable to the appellee as to deprive him of the right to the appointment of a receiver, if otherwise entitled to that relief.

While appellants claim to have purchased the property for the purpose of protecting certain junior liens held by the appellant Vera Lake, they admit having received from their immediate grantor, after their purchase, $177.93, to pay taxes that were unpaid at the time of their purchase, and that they have not so applied the money. The assertion of the appellant John E. Lake, as a witness, that, if a receiver was not appointed, he would make a proper application of this money, gives some color to the charge of appellee that their purchase of the property after foreclosure was begun was a speculation in the right of occupancy during the year for redemption.

The insolvency of the mortgagors and their grantees, subsequent to appellee, who assumed and agreed to pay the mortgage, is satisfactorily shown.

We conclude that the order appointing a receiver was proper.

III. Complaint is made of the taxation, as part of the costs, of an attorney's fee for the plaintiff's attorney, upon the ground that the note and mortgage were only due by virtue of an election on the part of the holder to so declare under authority of an acceleration clause in the mortgage, and that no notice thereof, or opportunity to pay, was given before bringing suit. The acceleration clause is identical with that considered in *Moore v. Crandall,* 146 Iowa 25, and appellants rely upon that case.

3. COSTS: taxation: attorney fees: presumption.

Under the statute, Section 11647, and the holding in *Moore v. Crandall,* supra, if the makers were residents of the county, they were entitled to information of the election of the holder to declare the debt due under the acceleration clause, and to a reasonable opportunity to pay, before action was brought, in order to authorize the taxation of an attorney's fee. But, if the makers were not residents of the county, the holder was not required to give them such information and opportunity, before

being entitled to have an attorney's fee allowed; or, if they were such residents, and such information and opportunity were given them, he was entitled to the attorney's fee.

The record is silent upon both these propositions. It does not appear whether the mortgagors were residents of the county or not, or whether notice of the election to declare the debt due, and an opportunity to pay, were given before bringing suit, or not. In the absence of any issue in the court below upon the question, and as the attorney's fee was to be taxed as costs, the right to the fee could be determined after the determination of the issues raised by the answer. If the finding had been for the defendants upon the issues raised by the pleadings, there would have been no occasion to determine if an attorney's fee should be taxed. In *Kelso v. Fitzgerald,* 67 Iowa 266, we held, in such a situation, that it would not be presumed, in the absence of any showing in the abstract upon the subject, that no evidence was introduced justifying the taxation of an attorney's fee, but would rather be presumed that there was, and that the judgment was in accord therewith.

Furthermore, while the allowance of an attorney's fee was made by the court in the judgment and decree, and the objection now urged is not to the amount allowed, but to the allowance of any amount at all,—a situation that would not

4. APPEAL AND ERROR: presentation of grounds: taxation of attorney fee.

be reached by a motion to retax costs, and to which such a motion would not be applicable (*Perry v. Kaspar,* 113 Iowa 268; *Young v. Rutherford,* 190 Iowa 414),—yet the allowance of an attorney's fee was asked in the petition, and no issue as to this was in any manner, by answer or otherwise, so far as the record discloses, raised in the court below. Under such circumstances, it cannot be raised for the first time in this court. *Wheeler & Wilson Mfg. Co. v. Hasbrouck,* 68 Iowa 554; *Zion Church of the E. Assn. of N. A. v. Parker,* 114 Iowa 1; *Chicago, M. & St. P. R. Co. v. Monona County,* 144 Iowa 171.

The judgment and decree are—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.