JOHN ROBERTSON, Appellee, v. C. L. ROE et al., Appellees; S. J. POOLEY, Trustee, Appellant.

MORTGAGES: Foreclosure—Authorized Receivership. Under a mort-
1   gage on lands and on the *crops and rentals* thereafter accruing, without a receivership clause, the appointment of a receiver is proper after the land has been sold under foreclosure, when it has been made to appear (1) that all parties personally liable are insolvent; (2) that the land has proved inadequate to satisfy the debt; and (3) that the crops are going to waste.

BANKRUPTCY: Liens—Mortgages—Rents and Profits—Priority. The
2   right of a receiver in mortgage foreclosure proceedings to the rents and profits reserved in the mortgage is superior to the rights of a subsequently appointed trustee in bankruptcy of the then owner of the land.

Headnote 1: 27 Cyc. pp. 1624, 1625. Headnote 2: 7 C. J. p. 117; 27 Cyc. p. 1633.

Headnote 1: 26 A. L. R. 33; 36 A. L. R. 610; 19 R. C. L. 560; 23 R. C. L. 30.

*Appeal from Hardin District Court.*—SHERWOOD A. CLOCK, Judge.

APRIL 5, 1927.

Appeal in an action to foreclose a real estate mortgage, by the trustee in bankruptcy of the estate of the bankrupt mortgagor, from a supplementary decree appointing a receiver to

collect the rents and profits of the mortgaged real estate during the period of redemption. The opinion states the material facts. —*Affirmed.*

*Aymer D. Davis* and *Frank Bechly*, for appellant.

*E. H. Lundy* and *R. R. Bateson*, for appellees.

DE GRAFF, J.—Plaintiff, as mortgagee, procured in this action a decree of foreclosure of a certain real estate mortgage. With this matter we are not concerned on this appeal. The con-

1. MORTGAGES: foreclosure: authorized receivership.

flict of issues is between the receiver, appointed subsequently to the foreclosure sale, to act during the statutory period of redemption, and the trustee in bankruptcy of the estate of R. F. Nuckolls, bankrupt, the legal title holder of the land subject to the mortgage foreclosed. The mortgage did not contain a receivership clause.

The real question involves the nature and extent of the mortgagee's lien on "all the crops thereafter raised on the said [mortgaged] real estate, and all the rents and the profits thereafter accruing thereon," as recited in the instant mortgage. The gist of the contention of the defendant-trustee is that the filing of the petition in bankruptcy in the Federal court gave to the trustee the right and title to the rents, income, and profits of the mortgaged land, as of the date of filing the petition. In brief, the trustee denies the claimed lien of the mortgagee.

Did the mortgage create a valid lien on the "crops, rents, and profits" accruing from the mortgaged land, superior to the claim of the trustee of the bankrupt title holder of the land? In making answer to the controlling question in this case, it may be well to recite the material and undisputed facts.

The $30,000 mortgage in suit, on a certain quarter section of land in Hardin County, Iowa, was executed to the plaintiff, John Robertson, February 28, 1919, by C. L. Roe and W. D. Child, the then owners of said land. On May 28, 1919, the said W. D. Child and wife Dawley conveyed their interest in said real estate to Lewis Roe (not a party to this action), by warranty deed, in which deed the said grantors warranted the land free and clear of all liens and incumbrances, "except party of the second part [Roe] to assume a mortgage of $30,000 in favor of John Robertson." Thereafter, C. L. Roe and Lewis Roe con-

veyed, by warranty deed, the real estate to the defendant R. F. Nuckolls, who assumed payment of the $30,000 mortgage.

The petition to foreclose the mortgage was filed April 3, 1925, and on October 28, 1925, an "interlocutory decree" was entered, foreclosing said mortgage, and for judgment in favor of plaintiff against the defendants, and ordering special execution for the sale of the real estate. It is further provided in said decree that the rights of each and all of the defendants in and to said property be barred, "except saving unto them such rights of redemption as may be by law provided, and to the plaintiff and the defendant S. J. Pooley, trustee, as aforesaid, the right to be fully heard in relation to the receivership of said property and the possession thereof under the said mortgage and the application of the rents and profits to the payment of plaintiff's claim before the expiration of the period of redemption."

On the 4th day of March, 1926, plaintiff filed his amended petition, in which it is recited that, since the entry of the "interlocutory decree," a special execution had issued in said cause, and the real estate involved had been sold thereunder, and that the difference between the sale price and the amount of plaintiff's claims is $4,190.57; that said judgment remains wholly unsatisfied, although a general execution had been issued against each and all of the defendants against whom personal judgment had been entered; that, at the time of the filing of plaintiff's original petition in this cause, the land was in the possession of the defendant-tenants, Charles Teske and wife; and that, on the 5th day of May, 1925, the plaintiff served and made written demand upon the owner Nuckolls and said tenants for the possession of the said premises under and by virtue of the authority contained in the mortgage, and notified them that, pursuant to such authority, any rents or profits arising or coming from the said premises to which the landlord (defendant Nuckolls) was entitled, belonged to the plaintiff, and demanded the rights given to plaintiff by the said mortgage, both as to the possession and as to the rents and profits; that a large amount of grains of various kinds, consisting of corn and oats, is partly protected and partly unprotected, and that the same constitutes the share-rent and profit of said land for the year 1925; and that the rents and profits accruing from the said land and accruing thereafter until the period of redemption shall expire, are rents

and profits belonging to said plaintiff; and that a receiver be appointed, to take and hold possession of said rents and profits, and to act therefor and preserve the rights of all parties in and to said rents and profits, as is just and equitable in the premises.

To this amended petition the defendant S. J. Pooley, as trustee of the bankrupt Nuckolls, filed answer, in which it is recited that a petition in bankruptcy was filed by the creditors of the said Nuckolls on the 27th of June, 1925, prior to the time of filing the substituted petition by plaintiff in this cause, and that, on July 21, 1925, Nuckolls was adjudged a bankrupt, and that the United States district court of the southern district of Iowa, central division, acquired jurisdiction of the matters in dispute in the case and of the assets of the said Nuckolls, prior to any jurisdiction acquired by the district court of Iowa in and for Hardin County.

At this point, we turn to the terms and provisions of the mortgage upon which plaintiff asserts the validity of his lien and its priority to any claim made by the trustee of the bankrupt Nuckolls. The mortgage recites:

"And it is further agreed that if default shall be made in the payment of money, or any part thereof, principal or interest, or if the taxes assessed on the above described real estate shall remain unpaid for the space of three months after the same are due and payable (which taxes may be paid by the said party of the second part) then the whole indebtedness shall become due, and the said party of the second part its heirs and assigns, may proceed by foreclosure, or in any other lawful mode, to make the amount of said note together with all interest and costs, and all taxes and assessments accrued or paid by said party of the second part on said real estate together with interest at the rate of —— per cent per annum, and all taxes and assessments so paid by the said party of the second part together with a reasonable fee for plaintiff's attorney, out of the aforesaid real estate.

"And it is further expressly agreed that in the event of failure to pay said sums of money or any part thereof, or the interest thereon, when due and payable, then the second party, its successors or assigns shall have from the date of such default made, as additional security for the sums of money secured by this mortgage a lien on all crops thereafter raised on the said

real estate and all the rents and the profits thereafter accruing thereon and shall be and is hereby authorized to take immediate possession of said property and to rent the same, and shall be held liable to account to said first party only for the net profits thereof. It is also agreed that the taking possession thereof as above provided shall in no manner prevent or retard the collection of said sums by foreclosure or otherwise.''

There is no dispute in the evidence that there was a default on the part of the mortgagors and their successors in interest. There is no dispute that the mortgagee did make written demand, under the terms of said mortgage, for the possession of the property and of the rents and profits under and by virtue of the terms of the mortgage. There is no dispute that part of the harvested crops, at the time of the hearing on the receivership, were spoiling, and required attention. There is no dispute that the defendant mortgagors and the defendant title holder Nuckolls were insolvent, and that the security was insufficient to protect the plaintiff, as shown by the return on the execution sale, which *per se* determined the inadequacy of the security. *Sheakley v. Mechler*, 199 Iowa 1390; *Fellers v. Sanders*, 202 Iowa 503.

On this phase of the case, we conclude that there was ample ground for the trial court to appoint a receiver. The mortgage did not involve a homestead as to any mortgagor or subsequent grantee. It was a purchase-money mortgage, and the land was held by the respective parties for the purpose of speculation. It is the recognized rule of Iowa that a receiver may be appointed to take charge of the pledged rents and profits and apply the same on the mortgage indebtedness, regardless of the absence of a recital in the mortgage for the appointment of a receiver, if the trial court, under the facts, is justified in finding that equitable grounds exist for the appointment of a receiver. *Young v. Stewart*, 201 Iowa 301. The agreement to deliver possession, or for the receiver to take charge of the rents and profits during the period of redemption, is valid. *Hubbell v. Avenue Inv. Co.*, 97 Iowa 135; *Walters v. Graham*, 190 Iowa 481. Under the Federal rule, a mortgagee is entitled to rents and profits from the time he attempts, in some legal form, to reduce them to possession. *In re Banner*, 149 Fed. 936.

The terms of the mortgage in suit are clearly distinguishable

from the provisions found in the mortgages under consideration in the cases relied upon by the appellant-trustee herein, wherein the rule is declared that the mortgagee acquires no lien by virtue of his mortgage upon the rents and profits of the mortgaged premises until foreclosure proceedings are commenced and the appointment of a receiver is prayed. See *Hatcher v. Forbes*, 202 Iowa 64; *Hakes v. North*, 199 Iowa 995; *Whiteside v. Morris*, 197 Iowa 211; *Young v. Stewart*, supra; *Cooper v. Marsh*, 201 Iowa 1262.

With this clearance of the preliminary propositions in the case at bar, we inquire what rights, if any, did the trustee in bankruptcy have in the premises? The jurisdiction and pro-

2. BANKRUPTCY: liens: mortgages: rents and profits: priority.

cedure in the bankruptcy court are in conformity with the provisions of the Federal Bankruptcy Act, Federal equity rules, and such rules not in conflict with the act as the Federal court may see fit to promulgate. The laws of the state of Iowa are controlling on all questions arising in matters of exemption, and largely in allowing priority and liens. True, the title of all property of the bankrupt becomes vested in the trustee, under Section 70 of the Bankruptcy Act (U. S. Comp. St., Sec. 9654), with certain exceptions. The trustee is deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, as to all property in the custody or coming into the custody of the bankruptcy court. Section 47 (U. S. Comp. St., Sec. 9631).

The jurisdiction of a court in bankruptcy in administering the estates of bankrupts under the provisions of the Bankruptcy Act is complete and exclusive. This is necessary, to the end that there may be an orderly and complete determination and settlement of the entire estate among creditors. However, in the construction of a real estate mortgage, the local law governs, and, in the absence of applicable decision, the Federal court will construe. *First Sav. Bank & Tr. Co. v. Stuppi*, 2 Fed. (2d Series) 822.

In the opinion of *In re Ginesti*, 15 Fed. (2d Series) 764, involving an affirmance of the same case cited in 12 Fed. (2d Series) 456, it is said:

"Obviously, the right of a mortgagee to enter and collect accruing rents is an important part of his lien rights, particu-

larly when, as in this case, the mortgages are second mortgages. The gist of the petitioner's contention is that the filing of an involuntary petition (which may never result in an adjudication), without more, destroys, *pro tanto*, this right. It is not suggested that Thurston received in the aggregate from the rents now in controversy and the proceeds of the mortgage sales (made under permission of the court) more than the amount of his secured debt. The real contention is that he should forego a part of his security, apparently as a penalty for entering without obtaining permission of the court. But courts cannot create penalties.''

The opinion further points out the limits of the caveat rule stated in *Mueller v. Nugent*, 184 U. S. 1, and it is said:

"That after the filing of the petition no one can acquire an interest in the property of the bankrupt adverse to the creditors. Thurston acquired no adverse right; he asserted a right already acquired.''

So, in the case at bar, the plaintiff simply asserted a valid lien then *in esse*. The Federal Bankruptcy Act does not deprive a lienor of any remedy with which he is vested by the state law. *Hiscock v. Varick Bank of N. Y.*, 206 U. S. 28 (51 L. Ed. 945). The trustee in bankruptcy in the instant case appeared at the receivership hearing in the state district court and submitted to the jurisdiction of the district court. He cannot now complain of want of jurisdiction. No injunction or stay issued from the bankruptcy court in this matter for the conservation of the bankrupt estate. The trustee in bankruptcy simply stepped into the shoes of the bankrupt as to property and liens.

The plaintiff-mortgagee of the bankrupt mortgagor was under no obligation to obtain permission of the bankruptcy court before he was entitled to enforce his existing rights, and is only barred from enforcing same by injunction. *In re Ginesti*, supra; *Hiscock v. Varick Bank of N. Y.*, supra.

We conclude, therefore, that the evidence sustains the appointment of the receiver by the trial court, and that the trustee of the bankrupt mortgagor possesses no rights superior to the mortgage rights and liens asserted by the plaintiff-mortgagee and sought to be enforced by the receiver. The decree entered by the trial court is, therefore,—*Affirmed*.

EVANS, C. J., and ALBERT and MORLING, JJ., concur.