THE DES MOINES GAS COMPANY v. WEST ET AL.

1. **Receiver:** WHEN TO BE APPOINTED. Where the bond or mortgage pledges the income, rents or profits to the payment of the debt, the creditor need not conclusively establish his right to recover before he is entitled to ask for the appointment of a receiver; it is sufficient if he show a probable right to recover.

2. ————: ————: INSOLVENCY. In such a case, if the debtor is insolvent the appointment of the receiver follows as a matter of course.

*Appeal from Polk Circuit Court.*

THURSDAY, JULY 20.

THE facts are sufficiently stated in the opinion.

*Bissell & Crane* and *C. C. Cole*, for plaintiff.

·*Nourse & Kauffman*, for Charter Oak Life Ins. Co.

*C. H. Gatch* and *J. R. Barcroft*, for Trustee.

SEEVERS, CH. J.—This is an equitable action, the object being to obtain a cancellation of a certain trust deed or mortgage purporting to be executed by the plaintiff. Said mortgage and the bonds it was designed to secure were executed by the properly constituted officers of the plaintiff, but it is alleged, in substance, that the bonds and mortgage were fraudulently issued, and in direct and palpable violation of the articles of incorporation. It is not deemed essential to a determination of the single question involved to set out more in detail the allegations of the petition.

The Charter Oak Life Insurance Company and others filed an answer and also a cross-petition, in which it is averred in substance that said insurance company and others are holders of the bonds sought to be canceled, that interest thereon is due and unpaid; that plaintiff is insolvent; that the property is insufficient to pay the mortgage, a foreclosure of which and the appointment of a receiver is asked.

The Circuit Court appointed a receiver, and plaintiff appealed therefrom. The correctness of this ruling is the only question presented in the record. Several questions have been discussed by counsel, which we deem it unnecessary to determine. A discussion as to many of them would be premature. For instance it is claimed on the one hand the mortgage is fraudulent and void, because issued without due and proper authority, and on the other that the bonds secured by the mortgage are negotiable, and that the holders thereof purchased the same in good faith and for value, without any knowledge of the alleged fraud, or want of authority in the officers of plaintiff to issue or execute such bonds and mortgage. Now it sufficiently appears from the record before us, that the holders of the bonds purchased the same in good faith, and have made out a probable right to recover, or have the relief asked in the cross-petition. The case is now presented to us upon the pleadings and certain

affidavits, and when full proofs are taken, it may be very much changed, but the parties have seen proper to submit it upon the present record, and we determine only what is before us.

We do not regard it to be the rule that it must conclusively appear a party is entitled to recover, or have the relief asked, before a receiver can be appointed, in cases where the bonds or mortgage pledge the income, rents and profits to the payment of the debt, but the rule as we understand, independent of the statute, is that a probable right to recover only is required, and the statute instead of impairing strengthens the right. Code § 2903.

1. RECEIVER: when to be appointed.

There is a clear and well defined distinction as to the right to have a receiver appointed where the bonds and mortgage, as in this case, pledge the rents or income to the payment of the debt, and where they do not. Especially is this true when reference is had to the rule established or recognized in *Gilman v. The Ills. & Miss. Tel. Co.*, decided by the Supreme Court of the United States, and reported in the Central Law Journal, Vol. III, No. 23, page 368. In that case it is substantially held that, until the mortgagee takes possession, or a receiver has been appointed who takes possession, the rents and profits may be levied on and taken by the ordinary judgment creditors of the mortgagor,

If the mortgage, and bonds secured thereby, are valid and binding, and there is but little doubt that the plaintiff is insolvent, and the mortgaged property insufficient to pay the debt, in such case where the rents and profits are pledged, the general rule is to appoint a receiver as of course. 2 Redfield on Railways, § 234; *Shotwell v. Smith*, 3 Ed., Ch. 621; Hilliard on Mortgages, 474.

2. ——: ——: insolvency.

The Code provides that a receiver may be appointed when the "interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed."

That the interests of the bondholders will be promoted by the appointment of a receiver, must be clear, nor will such appointment, as we believe, unduly infringe upon the substantial rights of the plaintiff.

We affirm the ruling of the Circuit Court without reference to the question of improper management by the present officers of the plaintiff, deeming that the bondholders have the right to have the rents and income preserved and applied under the direction of the court to the payment of their debt, and to secure the same from all danger of being appropriated by the general creditors of the plaintiff, if any such there are.

AFFIRMED.