CHARLES E. BALL *et al.*

*v.*

CHARLES MARSKE *et al.*

*Opinion filed February 18, 1903—Rehearing denied April 9, 1903.*

1. MORTGAGES—*advancement of consideration according to agreement is sufficient.* The advancement of the mortgage loan by the mortgagee in the manner agreed upon with the mortgagor is sufficient, even though money does not pass though the mortgagor's hands.

2. SAME—*when receiver is properly appointed in foreclosure.* Appointment of a receiver by a decree subsequent to the foreclosure decree is proper without regard to the solvency of the mortgagor, where the mortgage pledged the rents, issues and profits, and there was a deficiency at the sale and a decree entered therefor.

*Ball* v. *Marske*, 100 Ill. App. 389, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This was a bill in chancery brought by defendants in error, as trustees in a certain trust deed, to foreclose the same as a mortgage.

William J. Murdoch, one of the plaintiffs in error, held a contract for the purchase of a certain lot from the Lincoln and Fifth Ward Building and Loan Association, on which he had paid $40. He applied to defendants in error for a loan of $1500 to complete the payment of the purchase money and to pay for improvements on the premises. He and his wife executed the note, payable to their own order and endorsed, and the deed of trust to defend-

ants in error. Marske being unwilling to advance any money until Murdoch had assigned the contract to him, the assignment was made, and then Marske paid $760, the balance of the purchase money, to the association and took a warranty deed to himself, agreeing to hold the title to the property "for the purpose of securing the moneys advanced and to be advanced." He also paid other moneys for improvements. Default was made in the payment of the interest, and defendants in error elected to declare the whole indebtedness due and payable, as they were authorized to do under the terms of the trust deed, and filed this bill to foreclose. Subsequently to the execution of the note and mortgage, and prior to the filing of the bill, Murdoch conveyed his interest in the premises to Charles E. Ball and wife, who went into possession of the same. They are two of the plaintiffs in error. Plaintiffs in error denied all the allegations of the bill specifically. The cause was referred to the master, and his report was approved by the court and a decree entered for the sale of the premises in default of the payment of the principal note, interest, taxes, costs and solicitors' fees. The master sold the property and reported a deficiency of $240.57. A receiver was appointed to collect the rents and profits.

R. HEBER BEATTIE, for plaintiffs in error.

WALTHER & LANAGHEN, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Counsel for plaintiffs in error insists that the decree is erroneous because the amount for which the note and trust deed were given was not paid to the makers of the notes or to any one for them. The testimony on this point has been very meagerly abstracted, but on looking into the record we find that Charles P. Richl, one of the defendants in error, testified that he paid out between

$600 and $800 on bills for material for Murdoch,—that is, on itemized statements, handed him by Murdoch, of the bills outstanding for materials and labor for alterations and improvements of the house on the premises. He produced an itemized statement showing that he had paid out for Murdoch $1497.45, including the amount due on the lot. This statement had been shown to Murdoch after all the money had been paid out. Counsel admits the payment of the money, but insists that because Murdoch did not get it in his own hands it was not paid to him and amounts to a partial failure of consideration. It was paid out for him in accordance with the agreement with him, and that was sufficient. The court found that Marske had paid the full amount of $1500.

Counsel insists, also, that the appointment of the receiver was error. The bill alleged that the trust deed provided that in default of payment it should be lawful for the trustee to enter into and take possession of the premises, and should collect and receive all rents, issues and profits thereof. It also alleged that the real estate was scant security, and prayed for the appointment of a receiver to take possession and collect the rents and apply them to the payment of the indebtedness. The master reported a deficiency, and a decree for the deficiency was entered. This was proper. (*Kirby* v. *Runals*, 140 Ill. 289.) The trust deed pledged the rents, issues and profits as security for the payment of the amount due. The appointment of a receiver was therefore proper without regard to the solvency of the mortgagor, and such appointment was lawfully made, though by a decree subsequent to the original decree. *First Nat. Bank* v. *Illinois Steel Co.* 174 Ill. 140; *Bagley* v. *Illinois Trust and Savings Bank*, 199 id. 76.

The decree was properly affirmed by the Appellate Court, and finding no error in the judgment it will be affirmed.                              *Judgment affirmed.*