J. J. WALTERS, Appellee, v. THOMAS GRAHAM, Appellant.

MORTGAGES:  Right to Receiver on Foreclosure.  Ample grounds for
the appointment of a receiver as an aid to foreclosure is shown,
when it is made to appear that the mortgage provides for such
receiver and for the collection of the rents thereby, and that the
mortgaged property is inadequate, the mortgagor insolvent, and
the rents liable to be lost.

*Appeal from Taylor District Court.—H. K. EVANS, Judge.*

DECEMBER 21, 1920.

FORECLOSURE proceedings.  No defense was interposed to
the foreclosure proceeding proper.  A receiver was appointed to
take charge of the premises during the year of redemption and
collect the rental of the premises; and from the order appoint-
ing a receiver, this appeal is taken.—*Affirmed.*

*William M. Jackson,* for appellant.

*James R. Locke,* for appellee.

ARTHUR, J.—This is an action in equity, commenced in
December, 1919, to foreclose a mortgage given to secure two
notes, dated September 12, 1898, for $9,000.  Interest was
paid for one year, and, on August 14, 1919, $280 was paid on
the principal.  The appointment of a receiver to take posses-
sion of the mortgaged property and to collect the rents during
the year of redemption was prayed for on three grounds:
    (1)   On the provisions of the mortgage.
    (2)   On the insolvency of the mortgagor.
    (3)   That the mortgaged property was inadequate to sat-
isfy the debt, and that the rents were in danger of being lost
to plaintiff.
    The defendant admitted the execution of the note and mort-
gage.  He resisted the appointment of a receiver to take charge

of the mortgaged property during the year of redemption. Defendant denied inadequacy of the security and insolvency of the defendant; and denied that the mortgage covered the rents and profits.

The only issue before the court was whether the plaintiff was entitled to the appointment of a receiver to take charge of the mortgaged premises during the year of redemption. The mortgage contained this provision:

"And if this mortgage is foreclosed, the court shall appoint a receiver to take charge of said premises and collect the rents and profits therefrom."

The issues submitted to the court were whether, under the provisions of the mortgage, plaintiff was entitled to the appointment of a receiver; and whether the real estate was sufficient security for the debt; and as to the insolvency of the defendant; and also whether the rents and profits were in danger of being lost to the plaintiff unless a receiver was appointed; and whether it was necessary to apply the rents on the mortgage debt, in order to satisfy the indebtedness.

A number of witnesses testified on both sides as to the value of the mortgaged property. As usually occurs, witnesses for the plaintiff placed the value at less than the mortgage debt, and witnesses for the defendant placed the value in excess of the mortgage debt.

On the question of the insolvency of the defendant, plaintiff adduced testimony to show that the defendant had no other property except the mortgaged property in controversy, and this testimony was not controverted by the defendant.

On the question of the danger of loss to plaintiff of the rents and income, the evidence shows that the rents were not being applied to the payment of the mortgage debt. The evidence also shows that the total rents of the premises during the year of redemption would be $1,080. The court found due on the mortgage debt $9,188.93, and costs and attorneys' fees in the sum of $189.38.

On the issues whether the real estate was sufficient security for the debt, as to insolvency of defendant, whether the rents were in danger of being lost to plaintiff (mortgagee), an*/* whether it was necessary to apply the rents on the mortgage

debt, to satisfy the indebtedness, the court found for plaintiff.

Under this showing, and the findings of the court thereon, appellee urges that the court was authorized to appoint a receiver, under the general statute, Section 3822, and cites *Hubbell v. Avenue Inv. Co.*, 97 Iowa 135, wherein the court, referring to this statute, said:

"The section permits this appointment (the appointment of a receiver) independent of the agreement of the parties, if the facts exist under which such an appointment is authorized."

Appellee also insists that the clause in the mortgage contract for the appointment of a receiver furnishes sufficient authority for the appointment of a receiver.

Under the record in this cause, we are to determine whether or not a receiver should be appointed, under the receivership clause in the mortgage, and on the issues of the insolvency of the mortgagor, the inadequacy of the property to satisfy the debt, and that the rents were in danger of being lost to the plaintiff. We are not called upon to do so, and do not pass upon the question of whether the record authorizes the appointment of a receiver under the statute alone, or the receivership clause in the mortgage alone, and we do not pass upon that question. It is for this court to say whether or not a receiver should be appointed upon the whole record in the cause bearing on that question.

In *Des Moines Gas Co. v. West*, 44 Iowa 23, it is held that, where there is but little doubt that the mortgagor is insolvent, and the mortgaged property is insufficient to pay the debt, and where the rents and profits are pledged, the general rule is to appoint a receiver, as of course.

The court found that a receiver should be appointed, and it was "ordered by the court that J. H. Connor be and he is hereby appointed as receiver to take charge and possession of all of said real estate, and to collect the rents, issues, and income thereof from the date of this decree until the year of redemption expires, and to apply said rents, issues, and income in the satisfaction of said mortgage debt, interest, and costs."

As we understand it, defendant's main resistance to the appointment of a receiver is that the mortgage does not pledge the rents and profits as security. So the question involved in

this case is a construction of the language used in the mortgage as to the appointment of a receiver.

Defendant insists that, while the mortgage provides that, in case of foreclosure, a receiver shall be appointed to take charge of the premises and collect the rents and profits, it does not mortgage or pledge the rents and profits during the year of redemption.

From the order it appears that the trial court took the view that the receivership clause in the mortgage does pledge the rents and profits. In *Hubbell v. Avenue Inv. Co.,* 97 Iowa 135, this court had before it a receivership provision of the mortgage, as follows:

"In case of a foreclosure of this mortgage, under any of its provisions, it is hereby agreed that, on filing the petition for such foreclosure, a receiver shall be appointed to take charge of the mortgaged premises at once, and to hold possession of the same until the debt is fully paid and the time of redemption expires, and all rents and profits derived from said premises shall be applied on the debt secured hereby."

The court below appointed a receiver under that clause of the mortgage, aided by proof that it was doubtful whether the property would be sufficient to pay the judgment, independent of the rents which were pledged as part of the security, and that mortgagor was insolvent; and the question considered and decided by this court was as to the validity of such order. This court upheld the order of the lower court appointing a receiver, and said:

"We see nothing in such a contract that is unconscionable, or against public policy; nor do we see why it should not be enforced as the parties intended."

The holding in *Hubbell v. Avenue Inv. Co.,* supra, has been adhered to.

In *Stetson v. Northern Inv. Co.,* 101 Iowa 435, it was held that the rents collected by the receiver were properly assets in his hands, under a receivership clause as follows:

"And it is further agreed that, if default shall be made in any of the conditions of this mortgage, or in the bond which it is made and given to secure, that the right of possession of the mortgaged premises, with all the appurtenances thereunto

belonging, shall immediately vest in the party of the second part, his heirs or assigns, and he may immediately take possession of the same, and collect all rents, profits, and incomes therefrom, or, at his option, may proceed by foreclosure, and shall then be entitled to have a receiver appointed immediately, and in vacation, for all of the property herein described and embraced, to take charge of the said property, and collect rents, incomes, and profits of the same, to be applied upon the said mortgage debt.''

In *Felino v. Newcomb Lbr. Co.*, 64 Neb. 335 (89 N. W. 755), under a provision in the mortgage reading ''and, upon forfeiture of this mortgage, or in case of default in any of the payments herein provided, the said Luigui Felino shall be entitled to the immediate possession of said premises,'' the court held, in sustaining the right of the plaintiff to a receiver, that the right of possession carried with it the right to the rents and profits.

In the *Hubbell* case, supra, the language of the receivership clause is,—part of it: ''Receiver shall be appointed to take charge of the mortgaged premises.'' That warrant for taking possession was held to carry with it the right to the rents and profits.

In *Bagley v. Illinois Tr. & Sav. Bank*, 199 Ill. 76 (64 N. E. 1085), the court held that a provision in the mortgage authorizing the grantee to ''take possession of the premises,'' and ''may then appoint a receiver to collect the rents during the pendency of the suit,'' was a pledging of the rents. See, also, *Ball v. Marske*, 202 Ill. 31 (66 N. E. 845).

In *Freedman's Sav. & Tr. Co. v. Shepherd*, 127 U. S. 494, it is said:

''It is, of course, competent for the parties to provide in the mortgage for the payment of rents and profits to the mortgagee, even while the mortgagor remains in possession. But when the mortgage contains no such provision, and even where the income is expressly pledged as security for the mortgage debt, with the right in the mortgagee to take possession upon the failure of the mortgagor to perform the conditions of the mortgage, the general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged premises until he takes

actual possession, or until possession is taken, in his behalf, by a receiver."

It is further said:

"Possession draws after it the right to receive and apply the income."

In *Omaha Hotel Co. v. Kountze*, 107 U. S. 378, it is said:

"Where the mortgaged property is insufficient to pay the debt, the mortgagee has the additional equitable right to have a receiver appointed to take possession, and in the end, if necessary, the rents and profits will be appropriated to pay the deficiency."

Appellant bases his resistance to the appointment of a receiver, under the receivership clause of the mortgage, wholly upon the failure of the provision to specifically pledge the rents. As we understand it, he insists that, to pledge the rents and profits, specific words must be used, and the clause must read, substantially, "The rents and profits are hereby pledged," etc. Counsel contends that the words "to take charge of said premises and collect the rents and profits" are not sufficient to pledge the rents and profits. As we understand the holdings of the courts, the language employed in the clause before us effects a pledging of the rents and profits: that is to say, a clause providing that a receiver shall take charge of or possession of the mortgaged premises and collect the rents and profits therefrom, is tantamount to specifically, in words, pledging the rents and profits to the payment of the debt.

We have examined the record, and think the findings of the court on the issues of the insolvency of the mortgagor, that the mortgaged property was inadequate to satisfy the debt, and that the rents were in danger of being lost to the plaintiff, are sustained by the evidence, and that such equities with the plaintiff, together with the receivership contract in the mortgage, furnish ample authority for the order made. The cause is—*Affirmed*.

WEAVER, C. J., LADD and STEVENS, JJ., concur.