Security Investment Company, Appellee, v. Osmund O. Ose et al., Appellants.

1014

April 3, 1928.

*Miller, Kelly, Shuttleworth & McManus,* for appellants.

*Addison & Smedal,* for appellee.

WAGNER, J.—This action involves the foreclosure of a real estate mortgage, in the sum of $29,600 upon a half section of land situated in Story County. The mortgagor, Osmund O. Ose, is the owner of the real estate. The requisite allegations and prayer for the appointment of a receiver are contained in the petition. This action was begun in May, 1926, and judgment and decree rendered in the following October. The indebtedness became due by reason of an acceleration clause in both the notes and mortgage securing same. There is prior mortgage indebtedness against the real estate in the principal sum of $18,000. The trial court rendered judgment against the defendant Osmund O. Ose for $33,049.37, the amount of the indebtedness, and decree of foreclosure of the mortgage. As to this there is no complaint. The real estate was rented for the year intervening, March 1, 1926, and March 1, 1927, and prior to the commencement of this action, the rent note had been assigned by the mortgagor. The decree provides that the tenant is entitled to the possession of the real estate during the term of the lease, and that the assignee of the note is entitled to the rent. The taxes for 1925, due in 1926, in the amount of $727.30, were not paid at the time of trial.

The decree contains a provision relative to the appointment of a receiver, which is as follows:

"It is further ordered, adjudged, and decreed that plaintiff have, and is hereby given, a lien upon the crops grown on the lands in controversy during the year 1927, it being decreed and adjudged that defendant Osmund O. Ose pay all taxes due or to become due during the period of redemption on said lands, or that may be a lien thereon, namely: taxes for 1925, payable in 1926, and taxes for 1926, payable in 1927. And should said defendant fail to pay taxes now past due, and permit the lands to be sold at tax sale, W. H. Reid is hereby appointed as receiver, his bond to be fixed at $5,000, to be approved by the clerk of this court, and who shall, on such failure to pay taxes, take possession of said land, rent the same, and collect the rents and profits therefrom. In case taxes for 1925 are paid, and the lands in controversy not permitted to go to tax sale, the said receiver shall not take possession or exercise any control thereof; and the costs, if any, of said receivership shall be taxed to plaintiff, unless receiver functions by taking possession of crops under the provisions of this decree. If the land is not redeemed, and taxes payable in 1927 are promptly paid when due, as by law required, one half before April 1, 1927, and one half before October 1, 1927, then, in that case, the said receiver will not exercise any control or take possession of the lands. But on failure to pay taxes when due, as aforesaid, the said receiver shall at once proceed to take possession thereof, and collect rents and profits, and hold the same subject to order of this court, to be applied on the payment of taxes, liens, including interest on prior mortgages, and balance be applied on this judgment, interest and costs."

It is this provision of the decree which provokes this appeal.

With reference to the pledging of the rents and profits, and the appointment of a receiver, the mortgage contains the following provision:

"It is furthermore expressly agreed between the parties hereto, that in case of foreclosure of this mortgage by second party, or assigns, that is, the property is bought in at the subsequent sheriff's sale by said second party or assigns, to satisfy any part of the debt, the said first parties waive all right of possession and agree that

a receiver may be appointed by the court to take immediate possession of said premises, and hold same until the property has been redeemed, or the time of redemption has expired, and in such event, the second party, or assigns, shall be liable to account to the first parties only for the net profits thereof, accruing from the use of the said premises.''

In *Walters v. Graham,* 190 Iowa 481, we had under consideration, relative to the pledging of the rents and profits, the following provision:

''And if this mortgage is foreclosed, the court shall appoint a receiver to take charge of said premises and collect the rents and profits therefrom.''

We there held that said clause was tantamount to specifically in words pledging the rents and profits to the payment of the debt.

The aforesaid provision contained in the mortgage in the instant case is one that has not heretofore been before us for our consideration. However, in view of our pronouncement in *Walters v. Graham,* supra, it must be construed to be sufficient to pledge the rents and profits for the payment of the mortgage debt. The real estate is the primary security, and the rents and profits are only secondarily liable for the payment of said debt. The thought conveyed in the foregoing clause of the mortgage appears to be that, if the mortgagee or his assigns should buy the real estate at execution sale for less than the amount required to pay the judgment, then the mortgagee or his assigns is entitled to the appointment of a receiver, who would be required to account for only the net profits arising from the real estate. Whether the plaintiff could omit the asking for the appointment of a receiver in his petition, and, in the event of a deficiency judgment after the sale on execution, then ask for the appointment of a receiver, for the purpose of resorting to the rents and profits to make such deficiency, we do not determine, as the proposition is not before us. However, in *Equitable Life Ins. Co. v. Rood,* 205 Iowa —, we said:

''In many jurisdictions, the courts recognize the power of the court to appoint a receiver in a mortgage foreclosure case after a decree and sheriff's sale where a deficiency appears, even though no application for the appointment of a receiver was contained in the original petition.''

We there cited in support of said statement a number of authorities from other jurisdictions.

In the instant case, the plaintiff in his petition asked for the appointment of a receiver, and the trial has been had upon that issue.

The rents and profits being pledged to the payment of the mortgage debt, we have held that the court, within the limits of sound legal discretion, may appoint a receiver to take possession  of the real estate and collect the rents and profits, provided that the plaintiff has established the insolvency of the maker of the notes and inadequacy of the mortgage security. *Walters v. Graham*, supra, and many subsequent kindred cases.

The trial court made no findings of fact, nor was he required to do so. The insolvency of the maker of the notes is conclusively established. Whether the security is adequate is a debatable question. It is shown by the evidence that this is a very excellent farm, well preserved, all tillable, very productive, and in every respect a first-class farm, situated in Story County. The testimony of plaintiff's witnesses tends to show that it is worth approximately $160 per acre, while that of defendant's witnesses is to the effect that it is worth in excess of $200 per acre. The president of the McCallsburg State Bank, which holds a third mortgage on this real estate in the amount of $19,300, testifies that this real estate is worth "right at $200 per acre." There is other testimony by the defendant to the effect that it is worth $225 to $250 per acre. The amount of the judgment is $33,049.70 and costs; the amount of the prior mortgage indebtedness is $18,000; the taxes for the year 1925 are $727.30. It is inferable from the language used by the court in the decree concerning the appointment of a receiver that it was his judgment that the security was adequate, but that the defendant should be required to pay the taxes, for the privilege given to him by the law of remaining in possession during the year of redemption; or that, if the taxes were paid, the security would be adequate. This leaves a very small margin between adequacy and inadequacy. The rents and profits were not pledged for the payment of the taxes. As said in *Walters v. Graham*, supra:

"As usually occurs, witnesses for the plaintiff placed the

value at less than the mortgage debt, and witnesses for the defendant placed the value in excess of the mortgage debt.''

We have heretofore expressed reluctance to interfere with an order by the trial court in the appointment of a receiver. *Parry v. West* (Iowa), 197 N. W. 297 (not officially reported). But, in view of what we shall term the extraordinary conditional pledge of the rents and profits contained in the aforesaid clause of the mortgage, and what is inferable from the decree of the trial court, and taking into consideration all of the testimony, as disclosed by the record, upon the question of value, we are constrained to hold that there was an abuse of discretion on the part of the trial court in the appointment of a receiver.

The plaintiff argues that the court was justified in appointing a receiver, upon the ground that the defendant Ose, by reason of his obtaining the rents and profits, and his failure to pay the taxes, had, in legal contemplation, committed waste. The rents and profits which the defendant Ose has otherwise used, were in no way incumbered by a lien, as we have repeatedly held that the mortgagee has no lien upon same until the commencement of the action and the asking of the appointment of a receiver.

''Waste in its simplest definition is whatever does a lasting damage to the freehold or inheritance.'' 8 Words & Phrases 7406.

Again quoting:

''Waste is an improper destruction, or material alteration, or deterioration of the freehold, or of things forming an essential part of it, done or suffered by a person rightfully in possession * * * .'' 8 Words & Phrases 7407.

The evidence in this case conclusively shows that the farm has been well preserved. That the court was not warranted in appointing a receiver on the alleged ground that waste has been committed, see *Young v. Stewart*, 201 Iowa 301; *McBride v. Comley*, 204 Iowa 622.

For the reasons hereinbefore given, that portion of the decree with reference to the appointment of a receiver, which is the only portion involved in this appeal, is reversed.—*Reversed.*

All the justices concur.