D. DAVENPORT, Appellee, v. ESTELLA MAUDE THOMPSON, Appellee, et al., Appellants.

OCTOBER 16, 1928.

*Frank Wisdom,* for appellants.

*Kenneth H. Davenport,* for D. Davenport, appellee.

*O. E. Klingaman,* for Estella Maude Thompson, appellee.

WAGNER, J.—The plaintiff is the owner of a promissory

note in the principal sum of $11,000, and of a mortgage upon 240 acres of real estate in Union County, given as security for the payment of said note, both of which instruments were executed by the defendant Mrs. Estella Maude Thompson. Immediately after the description of the real estate in the mortgage appears the following provision therein:

"The intention being to convey hereby an absolute title, in fee simple, including all the rights of homestead; also all rents, income and profits derived or received from said premises, to have and to hold the premises above described, with all appurtenances thereto belonging, unto the said D. Davenport and assigns forever."

With reference to the rents and profits and the appointment of a receiver, the mortgage contains the following further provisions:

"It is further agreed that in case of default in the payment of the interest or principal hereby secured, or violation of any of the covenants in this instrument to be performed by the grantors herein, said mortgagee or its assigns are authorized to take possession of said mortgaged premises and collect and receive the rents, income and profits, derived or received from said premises and for that purpose when proceedings are commenced to foreclose this mortgage, the court, or a judge in vacation, may appoint a receiver to take charge of said premises and collect rents, and profits from the time of the commencement of said proceedings, to be applied in payment of the sum above mentioned."

On July 28, 1927, the plaintiff filed his petition in the office of the clerk of the district court of Union County, asking judgment against the defendant Thompson upon the note, and foreclosure of the mortgage securing the same. The petition contains the allegations of insolvency of the maker of the note and inadequacy of the mortgaged real estate as security, and a prayer for the appointment of a receiver.

On the same date as that of the filing of the petition, the original notice of the action was placed in the hands of the sheriff of Union County for service on the defendant Thompson,

and that officer, the same day, went to the home of said defendant upon the mortgaged real estate to serve said notice, but she was not at her home, and thus service of the notice was not obtained.

It appears that the court, on the 3d day of August, 1927, fixed the time and place for the hearing upon the application for the appointment of a receiver for 2 o'clock P. M. on the 6th day of August, 1927, at the courthouse in Creston, and directed that notice by personal service be given the defendant Thompson, of the time and place of the hearing of said application, provided she could be found within the county.

On July 29, 1927, being the next day after the filing of the petition and the giving of the original notice to the sheriff for service upon the defendant Thompson, she entered into a written lease with the defendants Fleming for the mortgaged real estate for the period from July 29, 1927, to March 1, 1929, and on the same date executed unto the Flemings a bill of sale for certain specified personal property situated upon the mortgaged real estate. Said bill of sale contains the provision that, with the exception of certain personal property upon which the Arispe Bank has a mortgage, "this bill of sale is intended to convey title to any and all personal property owned by me on the above described real estate as of this date, of every kind and character whatsoever; also all oats and timothy cut and uncut now on said premises."

On the same date, to wit, July 29, 1927, the defendants Fleming executed unto the defendant Thompson a chattel mortgage for the identical property described in the aforesaid bill of sale. The consideration named in both of the last two instruments is $1,860.

On August 3, 1927, the plaintiff filed an amendment to the petition, making the defendants Fleming parties to the suit, and renewed the prayer of his original petition. The defendants Fleming appeared at the time of the hearing on the application for the appointment of a receiver, and as a result of said hearing, a receiver was appointed, the order of appointment providing:

"Said receiver is directed to take charge of said premises and of all the rents, issues, and profits therefrom issuing or accruing on or after the 28th day of July, 1927; and said receiver

is directed to manage said premises and the rents, issues, and profits therefrom, and rent said premises as he shall deem it advisable, all under the orders of this court. And it is further ordered that said receiver hold the profits of said receivership until the further order of this court.''

From this action of the trial court, the defendants Fleming have appealed.

The appellant has filed in this court an abstract, and the appellee has filed a denial and an amendment to the abstract, and the appellant has subsequently filed an additional and supplemental abstract. It is apparent therefrom that the parties have had much litigation in the trial court subsequent to the time of the appointment of a receiver, as aforesaid, and perhaps it is not amiss to say that it is now apparent that there are other appeals growing out of the controversy between the parties, which will probably hereafter come before us for our determination. However, the sole question argued on this appeal, and the only one for our determination at this time, is as to whether or not the trial court was justified in the appointment of a receiver.

In view of our previous pronouncements, the aforesaid quoted provisions of the mortgage must be construed as sufficient to pledge the rents and profits for the payment of the mortgage debt. See *Walters v. Graham,* 190 Iowa 481; *Security Inv. Co. v. Ose,* 205 Iowa 1013. Since the rents and profits were pledged to the payment of the mortgage debt, then in accordance with our previous pronouncements, the court, within the limits of sound legal discretion, may, as against the mortgagor and those having no rights superior to the mortgagee, appoint a receiver to take possession of the real estate and collect the rents and profits, provided that the plaintiff has established the insolvency of the maker of the note and the inadequacy of the mortgage security. *Walters v. Graham,* supra; *Security Inv. Co. v. Ose,* supra, and many subsequent cases.

The inadequacy of the security is clearly established by the record. While the testimony upon the question of the insolvency of the maker of the note is partially a matter of conclusion of the witness testifying upon said subject, yet, when it is taken in connection with the entire testimony of the said witness,— who was the receiver of a bank to which she is indebted, and who had lived in Mrs. Thompson's neighborhood all of his life,

—that he knows of no property which she owns outside of the land, and with her admission that she could not settle for the debt owed to the bank,—that she did not know how she could,— and with her sudden departure from her home where she had previously resided, just at the time when the sheriff was seeking to serve the notice upon her, and her action in executing the lease and the bill of sale hereinbefore referred to, the next day after the filing of the petition, we think that her insolvency has been established by the record.

The defendants Fleming are claiming the right to the possession of the real estate and immature crops, under the aforesaid lease and bill of sale. A receiver may properly be appointed in a foreclosure proceeding to care for immature crops which are in litigation. *Farmers Tr. & Sav. Bank v. Miller,* 203 Iowa 1380; *Des Moines Gas Co. v. West,* 44 Iowa 23.

It is true that the appointment of the receiver was without notice to the defendant Thompson, but as to this matter, she is not complaining. It is provided in Section 12713 of the Code of 1927 that the appointment of a receiver shall be on such notice to the adverse party as the court or judge shall prescribe. The court directed that notice by personal service be given to her, provided that she could be found within the county, and made the finding that she could not be found within the county for service, but absented herself from her usual place of residence, and has avoided service. Under such circumstances, the court may appoint a receiver without notice. *Maish v. Bird,* 59 Iowa 307. We do not understand that the appellants Fleming raise any question as to lack of notice on defendant Mrs. Thompson. At any rate, they cannot complain that no notice was served upon her. The petition asking for foreclosure of the mortgage and the appointment of a receiver as against the defendant Thompson was filed on the 28th day of July, and on the same day a notice was placed in the hands of the sheriff for immediate service upon her.

We have held that the rights of the mortgagee, as against the mortgagor, to the rents and profits become fixed when the foreclosure proceedings are begun, and the appointment of a receiver prayed. *Kooistra v. Gibford,* 201 Iowa 275; *Young v. Stewart,* 201 Iowa 301. Whatever rights the appellants ac-

quired, they acquired by reason of the aforesaid instruments executed the following day. However, it is apparent from the record that the court in the order of appointment held open the question as to who was entitled to the rents, income, and profits of the real estate which might come into the hands of the receiver, for said order provides that the receiver hold the profits of said receivership until the further order of this court. Therefore, the question as to who is entitled to said rents, income, and profits is not at this time before us for determination, and we make no pronouncement thereon.

It is shown by appellee's amendment to the abstract that, on November 18, 1927, which was prior to the filing of appellant's abstract herein, a decree of foreclosure of the mortgage was rendered, as against all of the defendants. Said decree provides:

"It is further adjudged and decreed by the court that R. F. Collings be and he is hereby appointed receiver of said premises, for the purpose of taking possession of said premises and of the rents, issues, and profits accrued and accruing thereon and issuing therefrom from the time the petition was filed herein, being July 28, 1927; and said receiver is ordered and directed to take possession of the same, as against any and all parties hereto, and to dispose of the same under orders of this court, and apply the net proceeds thereof on judgment herein, and if, after the payment in full of said judgment and the costs of said receivership, any of said net profits remain in his hands, then to pay the same out as this court shall direct. Said receivership to continue after sheriff's sale herein, and during the period allowed by law for redemption therefrom, unless said judgment shall be sooner satisfied in full."

This is the first decretal order bearing upon the question as to what the receiver should do with the rents and profits.

Appellee has filed a motion to dismiss this appeal, contending therein that the questions raised by this appeal have become moot. This motion was ordered submitted with the case.

An appeal to this court may be had from a final judgment or decree of the trial court. Section 12822, Code of 1927. An appeal may also be taken to this court from an order by the

752

 trial court which grants or refuses, continues or modifies, a provisional remedy. Section 12823 of the Code. Provisional is defined as "temporary; for the time being; as a provisional * * * remedy." Anderson's Law Dictionary. A provisional remedy is one which is provided for present needs, or for the occasion,— that is, one adapted to meet a particular exigency,—and the appointment of a receiver in a mortgage foreclosure case is a provisional remedy. See 32 Cyc. 742.

This court is committed to the doctrine that an appeal may be taken from the order of court appointing or refusing to appoint a receiver. *Callanan & Ingham v. Shaw*, 19 Iowa 183; *Clark v. Raymond*, 84 Iowa 251. In the first of the cited cases, there was pending a proceeding to foreclose a mortgage, and during the pendency of said action, the plaintiffs asked the appointment of a receiver to take charge of the property and collect the rents, etc. The court refused the appointment of a receiver, and this court, in passing upon the question as to whether it was an appealable order, declared:

"Few orders or decisions could be made more directly or materially affecting a party's rights than such an appointment, in many cases that might readily be supposed. Take the present one as an example; suppose the motion had been sustained, and defendants required and compelled to yield possession of their homestead, the plausibility, if not the overwhelming force, of the reasoning sustaining the power of the appellate court would be, we imagine, readily conceded, and if the court refuses to appoint, under a proper case made, the injury may be equally great, and the right to have such erroneous action reversed is equally clear."

In *Clark v. Raymond*, supra, this court made the following pronouncement:

"There is no reason why the order of appointment [of a receiver] is not appealable if made in vacation, the same as if made in term time."

The order of appointment from which appeal was taken, and which is now before us, was final as to the appellee's right to the appointment of a receiver. It provides for a receivership,

the cost of which must necessarily be paid from the property. It affected a claimed substantial right of the appellants'. It deprived the appellants of the possession of the real estate, although it directed that the receiver hold the profits of said receivership until the further order of the court. What the appellee denominates the final decree (being the decree of foreclosure of the mortgage), in addition to what was granted in the order of appointment, merely directed what application the receiver should make of the proceeds coming into his hands. Whether or not the court was correct in said latter decree as to the application which should be made of the proceeds coming into the hands of the receiver, is not now before us; but the question as to whether or not the appellee was entitled to the appointment of a receiver was determined in the order of appointment, the appeal from which is before us for our determination. It is thus manisfest that there is no merit in appellee's contention that the question raised by this appeal is now moot, and his motion to dismiss the appeal for said reason is hereby overruled.

For reasons hereinbefore given, the action of the trial court in appointing a receiver is hereby affirmed.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.