EDWIN CARL MICKELSON et al., Appellees, v. MYRTLE REHNSTROM et al., Appellants.

No. 41676.

MARCH 14, 1933.

E. M. Duroe, for appellants.

Whitney, Whitney & Stern, for appellees.

MITCHELL, J.—Tennis Mickelson and Amy Mickelson made, executed, and delivered their promissory note in the amount of $7,000, payable to Albert B. Mickelson, administrator of the estate of Nels Mickelson, deceased, which note was secured by a mortgage upon certain land in Buena Vista county, and said mortgage was duly recorded in the office of the county recorder of Buena Vista county on the 9th day of April, 1926. Afterward the administrator of the estate of Nels Mickelson assigned the said mortgage and note

to the appellees. Thereafter Tennis Mickelson sold the premises described in the mortgage, which was the security for the note, to Elim Rehnstrom and Arthur Rehnstrom, and they in turn conveyed the property to Myrtle Rehnstrom, who was the record owner of said described real estate at the time this action was commenced. On the 28th day of February, 1931, the said note and mortgage having become due, an extension agreement was entered into between the appellants and the appellees for the period of one year. The said agreement, among other things, provided that the appellants would deliver to O. J. Hegna for the benefit of the appellees a signed deed for the purpose of delivering to the appellees possession of the premises in the event that appellants defaulted in any provision of the extension agreement. The said deed was made, executed, and delivered to the said O. J. Hegna. On the 1st day of March, 1932, the appellants defaulted, and the deed was delivered to H. C. Berger for the benefit of the appellees in accordance with the terms of the agreement. The record shows that the appellants were personally liable for the indebtedness claimed by the appellees. The appellees had made demand upon the appellants during the latter part of March for the possession of the said premises, and on the 6th day of April, 1932, caused a written notice to be served upon the appellants demanding the immediate possession of the premises. On the 12th day of April, 1932, the appellees filed in the office of Fred Gaes, justice of the peace in and for Barnes township, Buena Vista county, Iowa, a petition against the appellants herein praying that a judgment be rendered against said appellants and that process issue for their removal from the premises, and that the appellees be put in possession thereof; and for costs. Attached to the petition and made a part of it was the extension agreement. The appellants filed a demurrer to the petition of the appellees, the material part of which is as follows:

"That the facts stated in the petition filed herein do not entitle the plaintiffs to the relief demanded or any relief in this action, for the reason that the petition shows on its face that the claim of the said plaintiffs is based upon a real estate mortgage and nothing more and any right to possession under the contract and deed declared upon in this petition will not accrue until after the commencement of the foreclosure of the mortgage as provided by the statutes of the State of Iowa; that the petition shows that the deed declared

upon and the contract executed therewith are given as further security for a debt, and in legal effect they are nothing more nor less than a mortgage on the real estate described in said contract and deed."

On the 15th day of April, 1932, the cause came on for hearing before the said court, and without objection by either party said justice of the peace, after reading the petition and demurrer, found that a question of title was involved and certified said cause to the district court of Iowa in and for Buena Vista county. The cause was thereafter submitted to the district court of Buena Vista county and the demurrer of the appellants was overruled. The appellants elected to stand on the demurrer and refused to plead further, and judgment was thereafter entered by the district court of Buena Vista county in favor of the appellees for immediate possession of the premises. Thereafter the appellants filed a stay bond with the clerk, which was duly approved by him, and appealed to this court.

The appellees base their right to the relief which was granted to them by the lower court upon the contention that the relationship between the parties to this action after March 1, 1932, was that of landlord and tenant, and that the extension agreement created this relationship. We must therefore look to the extension agreement to see whether or not the claim of the appellees as above set out is borne out. The material part of the extension agreement is as follows:

"Second parties further agree that as additional security that they will make, execute and deliver a deed to one O. J. Hegna of Rembrandt, Buena Vista county, Iowa, thereby completely conveying to said O. J. Hegna for the benefit of first parties their right of possession to the premises during the period of redemption should they default in any provision of this agreement or any provision of the aforesaid mortgage or the aforesaid note which the mortgage secures, the said note and mortgage just last referred to being the $7,000 note and mortgage signed by Tennis B. Mickelson and Amy S. Mickelson. Said deed shall be held by the said O. J. Hegna and upon default by second parties of any provisions of this agreement said deed shall be delivered to H. C. Berger, of Alta, Iowa, for the benefit of first parties and first parties by themselves, or through their agents or attorneys, may take immediate possession of the premises, rent the same and apply the money received from the rentals in

payment of any necessary expenses or costs incurred, in payment of any taxes upon the premises, apply the balance upon the indebted-ness of $7,000 or any judgment thereon if the same has been reduced to judgment, including any costs incurred in procuring said judgment, or the foreclosure of said mortgage. It being the intention of second parties to waive the right of possession of said premises above described in event of default by them of any of the provisions of this agreement or any of the provisions of either the first mortgage upon the premises or the second mortgage upon the premises, hereby assigning to first parties the rentals as additional security for the payment of the $7,000.00."

It seems to us that the above-quoted paragraph of the extension agreement clearly shows that the relationship of landlord and tenant did not exist, but that on March 1, 1932, the relationship between the parties to this action was that of mortgagor and mortgagee. The extension agreement is in the nature of a new mortgage for a period of one year. The pledging of the right of possession is in legal effect a pledging of the rents and profits. The deed and contract declared upon were given as further security for a debt, and they are nothing more nor less than a mortgage upon the real estate described in said contract and deed.

This court, in the case of Keokuk Trust Co. v. Campbell, reported in 205 Iowa 414, 215 N. W. 960, 961, said:

"Plaintiff relies principally upon the provision of this mortgage pledging the right of possession during the year for redemption, and authorizing the appointment of a receiver to take possession and collect the rents and profits. The mortgage conveyed no title. It merely created a lien. The only method of foreclosure in Iowa is by suit in equity. A pledge of the right of possession is in substance a pledge of the rents and profits. Walters v. Graham, 190 Iowa 481, 180 N. W. 305. A pledge of the right of possession confers upon the mortgagee no greater rights than a pledge of the rents and profits. The pledge of the rents and profits contained in the mortgage does not come into operation as a lien; a lien because thereof 'does not arise until action has been commenced to enforce collection of the debt.' First Nat. Bank v. Security Tr. & Sav. Bank, 191 Iowa 842, 181 N. W. 402; Hatcher v. Forbes, 202 Iowa 64, 209 N. W. 305. Knowledge of the existence and contents of the mortgage, acquired by a purchaser or assignee of the lease and of rents

and profits before he makes his purchase, and before the commencement of action to foreclose, does not affect him with notice of a lien thereon, for the simple reason that before the suit to foreclose is commenced the mortgagee, notwithstanding these provisions of the mortgage, has no lien upon the rents and profits. Up to the time suit is begun, the mortgagor is at liberty to lease the premises and to sell his right to the rents. Up to that time the mortgagee, so far as the rents and profits are concerned, is merely a general creditor, without lien on them."

 The extension agreement was, therefore, nothing more nor less than an extension of the old mortgage for a period of one year. The pledging of the right of possession, as set out in the above quotation, "is, in substance, a pledge of the rents and profits," and the only method of gaining possession of said premises is the usual one of foreclosure and the appointment of a receiver. The petition showed upon its face that the appellees were not entitled to the relief prayed for. The demurrer should have been sustained. The lower court erred in overruling the demurrer and in ousting the appellants.

The judgment of the lower court must be, and it is, reversed. —Reversed.

KINDIG, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.