### J. G. BELCHER v. O. G. ROSS.

1. Suit by indorsee of a promissory note against maker and indorser, brought to the third term of court after maturity of the note ; the indorsement being in blank and no averment in the petition of the time when it was made. Judgment taken by default, and writ of error pursued by the indorser on the assignment that more than two terms of the court had elapsed after indorsement and before suit. *Held*, that as the allegations of the petition must be taken as true by reason of the default, and as the petition alleges an indebtedness by the indorser as well as the maker, which could only be true if the suit was brought in due time, the judgment must be affirmed.

2. On the facts and pleadings indicated above, the presumption that the blank indorsement was made at the date of the note, will not be allowed in this court after judgment by default in the court below ; this court must in-

dulge the contrary presumption, that the indorsement was made subsequent to the date of the note, and that suit was brought in due time to fix the indorser's liability. If the fact was otherwise, the remedy of the indorser was not by recourse to this court, where the question cannot be mooted under such circumstances, but by motion or bill of review in the court below.

3. The allegation in the petition that the indorser " was indebted " to the plaintiff is held in this case to be a virtual averment that the indorsement was made at a time to be available to the plaintiff in support of this action, and the default is an admission by the indorser of the truth of the averment.

ERROR from Washington. Tried below before the Hon. James E. Shepard.

The facts appear in the opinion of the court.

*J. D. & D. C. Giddings*, for the plaintiff in error.—Belcher is indorser only, and two terms of the court had passed before filing suit.

Belcher brings up the case by writ of error. By reference to the petition it will be seen that there are no allegations therein showing a cause of action against Belcher, the indorser; and although the defendant did not plead, and the judgment was by default, still the petition must show good cause of action, and for this the judgment as to Belcher should be set aside.

There are no averments or allegations in the plaintiff's petition, showing any cause why suit was not filed in the time required by law, and no averment of protest, and therefore no cause of action is shown against the indorser. (See case of Smith v. Harbert, January term, 1868, of this court, not reported, which is believed to be decisive of this cause.)

The judgment by default only admits, or rather does not deny the facts stated in the petition; but in no case can this failure to plead dispense with the proper allegations upon which to base the judgment. The petition must contain, in itself, sufficient allega-

tions to support the judgment. (Harrison v. Nixon, 9 Peters's R., 483.)

The judgment by default cannot alter the case, or dispense with the rule that requires that the proofs shall conform to the allegations, and the latter must be sufficient to constitute a legal basis on which to predicate the judgment. (Hall & Jones v. Jackson, 3 Texas R., 310, and cases there cited.)

*Sayles & Bassetts,* for defendant in error.

LINDSAY, J.—A question of some novelty in this State is raised in this record.

A suit was brought by the indorsee of a promissory note against the maker and indorser; service of process was had against each in due time; and no answer being made by either, judgment by default was taken against both. The damages being liquidated, the assessment was made by the clerk, and the final judgment entered. Afterwards, in due time, the indorser filed his petition for a writ of error, and the required bond for costs being executed, the case was brought up by him for revision.

The only assignment of error is, that the judgment was wrong, because more than two terms of the court had elapsed, after endorsement, before the institution of the suit. The note bore date Februry 17, 1860, and was payable one day after date. The suit was instituted March 18, 1861. The indorsement was in blank, and no direct and specific averment made in the petition of the time of the indorsement. It seems, therefore, to be insisted that, nothing else appearing, the legal presumption is, that the indorsement was made at the time of the execution and delivery of the note; and if so, legal diligence was not used to fix the liability of the indorser.

For some purposes and in some attitudes of parties litigant the presumption does arise, that an indorsement in blank was made

contemporaneously with the making of the instrument.    The party being served with process had an opportunity, by making an issue of law or of fact, to have placed himself in such an attitude upon the trial in the district court.    Without such an issue made there, the presumption of the time of indorsement did not arise necessarily.    As the issue was not made in the court below and the judgment was suffered to go by default, this court must indulge the presumption that the indorsement was made subsequent to the making of the instrument and that the suit was brought in due time after indorsement so as to fix the liability of the indorser. If it were otherwise, of which the indorser certainly had knowledge, he had his remedy in the court below by motion to set the judgment aside at the term of its rendition ; or, if not discovered till after the term, by a bill of review for the correction of it. The allegations in the petition are sufficient to uphold the judgment.    It alleges that both the maker and indorser *were indebted to him*, the petitioner, the amount of the note sued on.    If the suit was not brought to the first or to the second term, showing good cause for failure to bring it to the first, the indorser was not in fact indebted to him.    But he alleges he was so indebted. Hence, the allegation affirmed the indorsement to have been made in time to make his action available against the indorser.    This virtual averment of the petition was not controverted by demurrer, plea nor answer, and must therefore be taken as true and as admitted by the indorser.    This court, having only appellate jurisdiction, cannot directly nor indirectly moot the question of the time of the indorsement here.    The judgment is affirmed.

Affirmed.