BROAD AND MARKET NATIONAL BANK OF NEWARK

*v.*

HJALMAR R. LARSEN et al.

[Decided October 16th, 1917.]

1. The evidence in this case shows the security for the mortgage to be uncertain and precarious.

2. Where the security is uncertain and precarious the court has power to appoint a receiver regardless of insolvency.

3. When it appears that the equitable rights of the parties can be fully protected by the appointment of a receiver, and that considerable loss or damage might otherwise result, the court should act, notwithstanding lack of proof of insolvency of mortgagor.

On bill, &c. On application for the appointment of a receiver of mortgaged premises.

*Messrs. Lambert & Stewart,* for the complainant.

*Mr. Hugo Woerner,* for the defendant Frederick J. Collins.

LANE, V. C.

The mortgage was made June 1st, 1916, to secure the sum of $27,000, payable in one year. The premises mortgaged consist of three tracts; upon one of the tracts there is a prior mortgage of $5,000. On August 1st, 1917, the property was conveyed by the then owner to Frederick J. Collins, a real estate broker in the city of Newark. There is erected on the land three six-family apartment-houses. The gross rent amounts to $4,692 a year. To protect itself the complainant must take care of encumbrances aggregating $32,000. A bill to foreclose was filed September 27th, 1917. A technical objection is made, that there was not served upon the defendant Collins a copy of the bill of complaint. The order to show cause does not

require that a copy of the bill and affidavits be served, although had I noticed the omission at the time of signing the order I would have required that such copy be served upon the principal defendants. The omission to serve a copy of the bill and affidavits has occasioned no injury to the defendant Collins. His counsel procured a copy of the bill in some manner and came fully prepared with affidavits. Moreover, no application was made for an adjournment in order to permit him to procure any other testimony. I have considered the affidavits and I find that the security is uncertain and precarious. The affidavits of complainant disclose that the property is not worth the fair value of $28,000, and that at an ordinary sale would not bring more than $25,000. The interest of the complainant, as above stated, is $32,000. It is true that one of the affiants produced by defendant says that the property is worth the sum of $41,000. The original mortgagor swears that he purchased the property for $32,000 on June 1st, 1916, and made various improvements upon it. He says, on August 30th, 1916, he conveyed the property to one Alice B. Welshman for $41,500, and that he thinks the property is worth $39,000. Alice B. Welshman says that she purchased the property for $41,500. But there is a significant failure to disclose the purchase price paid by Frederick J. Collins. It is not disclosed whether the present owner purchased merely subject to the mortgage of complainant or whether he assumed to pay it off so that I do not know whether there is any personal liability on his part or not. I think it is apparent that the property has been held for speculative purposes. Indeed, the only harm that might come to defendant by the appointment of a receiver suggested by his counsel is that it might interfere with an immediate sale. There is no evidence that the original mortgagor is insolvent. He swears that he is worth $15,000 over and above his just debts and liabilities. While it is true that this court exhibited great reluctance in its earlier practice to appoint a receiver, yet it appears that there has been a modification of that earlier practice and that the court will in each case coming before it apply equitable principles. *Land Title and Trust Co. v. Kellogg, 73 N. J. Eq. 524.* It is now the established rule that where the security is uncertain or precarious, and the mortgagor

cannot be made to respond to any deficiency which may arise at the foreclosure sale, the court has power to appoint a receiver. I do not think that the mere absence of proof of insolvency of the mortgagor is an insurmountable legal barrier to the appointment of a receiver. Each case must rest upon its own facts, and the question is whether it appears to the court that the equitable rights of the parties can be protected only by action by the court. At law, upon default, the first mortgagee is entitled to possession and has a legal right to the rents and profits. *Cortelyeu* v. *Hathaway, 11 N. J. Eq. 39.* That right may be enforced by ejectment. It is solely because of equitable principles, now fortified by legislation, that upon default the mortgagee is not entitled to the legal title to the property. Where it appears to the court that the equitable rights of the parties can be fully protected by the appointment of a receiver, and considerable loss or damage may be occasioned to the mortgagee, as I find is the fact in this case, unless the court interferes, and no loss or damage can be occasioned to the defendant by the intervention of the court, I think that a situation is presented where the court should act.

I have concluded to appoint as receiver the present owner, Frederick J. Collins, under a bond of $5,000. By such an appointment every right of the mortgagee and the owner will be protected. The objection that the appointment of a receiver may interfere with a sale is removed and counsel is unable to suggest any other way in which he could be injured.

I understand that an appeal is to be taken from the order appointing a receiver. If there is any question in counsel's mind as to whether such an appeal will prevent the immediate operation of the order, I will hear an application under the doctrine of *Ashby* v. *Yetter, 78 N. J. Eq. 173,* for an order to put it in force, notwithstanding the appeal.