First Trust Joint Stock Land Bank of Chicago, Appellee, v. Samuel Schmidt et al., Appellants.

No. 41612.

October 25, 1932.

104

J. H. Patton, for appellants.

McNeil & Scovel, for appellee.

FAVILLE, J.—But one question is involved in this case and that is whether or not the court erred in sustaining the appellee's motion for a continuance of the hearing on the application for the appointment of a receiver.

On April 2, 1932, the appellee filed its petition in foreclosure and therein prayed the appointment of a receiver to take possession of the premises described in the mortgage and to collect the rents and profits thereof. The original notice was served on the appellants on April 5, 1932, and required the appellants to appear on or before noon of the second day of the August, 1932, term of the district court of Poweshiek County, commencing on August 29, 1932. The original notice also contained a recital that an order had been entered by said court setting down the hearing on the application for the appointment of a receiver on April 9, 1932, at 9 o'clock A. M., at the courthouse where said court was held. At the date fixed the appellants appeared and filed answer in the main case and specifically resisted the prayer for the appointment of a receiver. The record also shows that appellants were ready for trial of said issue at said time. Thereupon the appellee moved the court for a continuance of the hearing on the application for the appointment of a receiver until after sheriff's sale was had under special execution after foreclosure. The appellants resisted said application for a continuance and demanded an immediate trial on the question of the appointment of a receiver. The court entered an order sustaining the motion for a continuance.

The appointment of a receiver in an action for foreclosure of a real estate mortgage which contains a provision authorizing such appointment is a matter for determination by the trial court.

In Sheakley v. Mechler, 199 Iowa 1390, we said:

"* * * under our law, a court of equity, if equitable grounds

are shown, may appoint a receiver, with or without a stipulation in the mortgage; and it may refuse to appoint one in a given case, if the facts so warrant, even though the mortgage contains the usual and ordinary stipulation for the appointment of a receiver. 'If the security is ample, the court will not appoint a receiver in either case.' Durband v. Ney, 196 Iowa 574."

This rule has repeatedly been recognized by this court. We have repeatedly announced that the question of the appointment of a receiver is a matter to be determined by the trial court in the exercise of a legal discretion in view of all the facts and circumstances surrounding the case. Also it must be true that whether the court will hear and determine the application for the appointment of a receiver before final decree in the foreclosure action and execution sale, or will withhold determination of said matter until after the execution sale, must rest largely, if not wholly, in the sound discretion of the trial court. This court will not reverse the action of a trial court in hearing an application for the appointment of a receiver prior to the final decree and execution sale unless there is a showing of an abuse of discretion in conducting said hearing at said time. Likewise we will not reverse the action of the trial court in postponing the hearing on the application for the appointment of a receiver until after decree of foreclosure and execution sale, unless an abuse of discretion is shown. In other words, it is essentially a matter for the determination of the trial court as to when and under what circumstances a hearing on the application for the appointment of a receiver would be had, and unless an abuse of discretion on the part of the trial court in this regard is shown we will not interfere with the action of the trial court in what is essentially a procedural matter. No question is involved in this appeal with regard to the ultimate fact as to whether a receiver should or should not be appointed. The sole question is whether the court abused its discretion in continuing the hearing on the application for the appointment of a receiver until after a decree of foreclosure and execution sale. As stated, this was a matter resting within the sound discretion of the court. We fail to find in the record that the court abused its discretion in this regard, and the order entered therefore must be—Affirmed.

Appellee's motion to strike, which was ordered submitted with the case, is overruled.

All the justices concur.