PRUDENTIAL INSURANCE COMPANY of America, Appellee, v.
EPHRIAM F. PUCKETT et al., Appellants.

No. 41223.

JUNE 20, 1933.

William P. Welch, for appellants.

Havens & Elston and Roy E. Havens, and Clinton B. Nasby
and Baldrige, Dorsey & Baldrige, for appellee.

ANDERSON, J.—There was judgment and decree against the de-
fendants, makers of the note and mortgage and titleholders, in the
sum of $19,357.11 with 8 per cent interest from the date of judg-
ment. On the date of sale under the special execution, the judg-
ment and costs amounted to $19,552.37. The property was sold
for $17,052.37, leaving a deficiency judgment of $2,500. A partial
hearing was had on the question of the appointment of a receiver

on the day the original decree was entered. And the court made a finding that the record at that time would justify the appointment of a receiver, but in view of the fact that the dwelling house on the farm had been destroyed by fire and the insurance had not yet been collected, and that it was uncertain at that time as to whether or not there would be a final deficiency, the court continued the matter for further hearing and withheld its decision until a later date. A further and final hearing was had after the sale under the special execution, but before the adjustment, collection, and application of the insurance loss, and the court appointed a receiver of the mortgaged premises as prayed by plaintiff. From such order this appeal is prosecuted.

The appellants contend that the court erred in not dismissing the application for the appointment of a receiver. First, because there was no evidence of insolvency, and, second, because the undisputed testimony showed that the premises were worth more than plaintiff's claim, and further that the court erred in withholding its decision and continuing the question of receivership until after the sale under special execution.

 The first contention of the appellants is that there was no evidence of insolvency of the makers of the note and mortgage, and that this court is committed to the rule that in no case will a receiver be appointed unless insolvency of the mortgagors is shown.

The appellant cites the case of American Commercial & Savings Bank v. McCammond, 213 Iowa 957, 238 N. W. 77, 78, as supporting this contention. The question now under consideration was not involved or passed upon in that case. It is true, we there said "we have held that we will not award receivership to a foreclosing plaintiff unless the insolvency of his debtor be shown", but the expression was simply dictum and is not supported by our prior holdings. We have held that a receiver ought not to be appointed in a proceeding to foreclose a mortgage, where the mortgage does not contain a pledge of the rents and profits or a stipulation for the appointment of a receiver, without a showing of insolvency; but we have never held that a receiver should not be appointed, except upon a showing of insolvency, where the mortgage pledges the rents and profits and provides for the appointment of a receiver, and the proof shows inadequacy of the security. We now hold that where the mortgage pledges the rents and profits and provides for the appointment of a receiver, and the proof shows

inadequacy of security, a receiver should be appointed without proof of insolvency.

In the case of First Nat'l Bank of Gladbrook v. Witte, 216 Iowa 17, 245 N. W. 762, 764, there was no stipulation in the mortgage authorizing the appointment of a receiver nor pledging the rents and profits, and we held that there was no proof of insolvency, and it being doubtful whether the security was inadequate, that a receiver should not be appointed, and we said:

"Without a stipulation in the mortgage authorizing a receiver, one will not be appointed, even though the mortgage pledges the rents and profits, unless it appears that the debtors are insolvent. * * * Whether a proper rule does not require evidence of the debtor's insolvency when a receiver is authorized by the mortgage, we do not now decide or suggest."

In Hubbel v. Avenue Inv. Co., 97 Iowa 135, 66 N. W. 85, 86, we said:

"We think it is not to be seriously questioned that * * * the court could, by a stipulation of the parties, place the property in the hands of a receiver, to be held under its direction. And it seems to us equally clear that the parties could, by contract, when the property was pledged as security, settle the conditions on which it should be preserved and applied. The parties, in making the contract, seem to have been in such doubt, as to the sufficiency of the property as security, as to provide that if proceedings to foreclose should be commenced a receiver should take the rents and profits, and apply them, and otherwise preserve the property, under the direction of the court. We see nothing in such a contract that is unconscionable or against public policy; nor do we see why it should not be enforced as the parties intended."

The mortgage under consideration provided for the appointment of a receiver, and that he take possession of the premises, and collect the rents and profits. Under such a provision we have held that such clause effects a pledging of the rents and profits. Walters v. Graham, 190 Iowa 481, 180 N. W. 305.

In the last-cited case, on the question of the insolvency of the defendants, the testimony showed that the defendant "had no other property except the mortgaged property in controversy" and we held such was a sufficient showing of insolvency, if such showing was necessary.

In the record before us it is shown that the principal defendant was and had been for three or four years a nonresident of the state of Iowa, that the property in question was in the possession of tenants, and that the defendant owned no property in the state of Iowa other than the mortgaged real estate. This was not controverted, and we hold that it was a sufficient showing, in connection with the provisions in the mortgage, the inadequacy of the security, and the condition of the real estate, to warrant the court in appointing a receiver to take possession of the mortgaged premises and collect the rents and profits therefrom.

The second contention of the appellant, to the effect that the evidence failed to show that the security was inadequate or insufficient, is also without merit or support in the record. The appellant contends that the evidence showed the mortgaged premises to be of a greater value than plaintiff's claim. The highest value placed upon the premises by the witnesses was $19,200. The judgment on the debt with interest and costs amounted to $19,552.37, an amount in excess of the value of over $350. The property sold under the special execution for $2,500 less than the amount of the judgment. The amount of the debt was far in excess of the value of the security.

There is no merit at all in the last contention made by appellant. Such proceedings as were had are generally recognized as proper and within the court's discretion.

In the recent case of First Trust Joint Stock Land Bank v. Schmidt, 215 Iowa 103, 244 N. W. 866, 867, we held:

"Also it must be true that whether the court will hear and determine the application for the appointment of a receiver before final decree in the foreclosure action and execution sale, or will withhold determination of said matter until after the execution sale, must rest largely, if not wholly, in the sound discretion of the trial court. * * * Likewise we will not reverse the action of the trial court in postponing the hearing on the application for the appointment of a receiver until after decree of foreclosure and execution sale, unless an abuse of discretion is shown."

In the instant case there was ample reason and cause for the continuance of the hearing on the question of the appointment of a receiver. And there was no error or abuse of discretion in so continuing the matter.

We do not think that the trial court abused its discretion or

410

erred in its order appointing a receiver, and it follows that such order must be and is affirmed.—Affirmed.

KINDIC, C. J., and MITCHELL, STEVENS, and KINTZINGER, JJ., concur.