AXEL JACOBSON, Appellant, v. FRANK C. COOPER et al., Appellees; WALTER M. SPRIGGS, Receiver.

No. 42173.

OCTOBER 17, 1933.

R. Brown, for appellant.

Kenneth H. Davenport, for appellees.

1376

ANDERSON, J.—The mortgage sought to be foreclosed by the plaintiff-appellant was for $2,350, and covered property in the city of Creston, Iowa, and provided that "in case of default in any of the stipulations and agreements herein, the mortgagee. shall be entitled to immediate possession of the mortgaged premises and the rents, issues and profits thereof which from the time of such default are hereby expressly pledged for the payment of the indebtedness hereby secured". The mortgage contained no specific provision for the appointment of a receiver. Plaintiff's petition in foreclosure alleged that the real estate was wholly insufficient to satisfy the indebtedness secured by said mortgage, and that the principal defendants are insolvent, and asks for the appointment of a receiver. Plaintiff's action was commenced on the 12th day of January, 1933.

The defendant M. Bernice Spriggs, by answer, resisted the appointment of a receiver and alleged that on October 6, 1932, she commenced an action to foreclose a second mortgage held by her upon the property described in plaintiff's mortgage, and obtained a decree on February 13, 1933, foreclosing the same, and an order of the court appointing a receiver to take possession of the mortgaged premises, rent the same, and apply the rent to the payment of the costs of the receivership and said defendant's second mortgage.

There was a trial to the court on the issues thus joined, and the court found for the defendant M. Bernice Spriggs, denying the appointment of a receiver on plaintiff's application, and directing that the tenant of the property, Joe Beverland, intervener herein, pay to the receiver appointed under the second mortgage foreclosure, the rentals from the mortgaged premises; and that such rentals be applied to the payment of the costs of such receivership, and to the payment of the judgment debt held by said second mortgagee against the principal defendants until such judgment is paid; and that any further rents and profits derived from said property shall be paid to the principal defendants Cooper. From such judgment and decree the plaintiff prosecutes this appeal.

Plaintiff contends that under the provisions of his mortgage, in the event of default, he is entitled to immediate possession of the mortgaged premises and entitled to the rents and profits therefrom, from the time he takes actual possession, or has demanded possession. And plaintiff claims that he did take possession of the mortgaged premises when default occurred, by virtue of an agreement with the principal defendants and title holders, and he claims

to be a mortgagee in possession with the right to the collection and application of the rents and profits from the mortgaged premises. The mortgage involved does contain a pledge of the rents and profits after default, but no claim is asserted for relief by reason of this provision. It may be that when the mortgagee takes actual possession of the mortgaged premises under provisions as contained in this mortgage, he is entitled to the rents and profits; but the trouble with the plaintiff's claim at this point is that the plaintiff at no time obtained possession of the mortgaged premises. The plaintiff claims that he obtained possession of said mortgaged premises on the 23d day of August, 1930, by the terms of a written agreement of that date, entered into by the plaintiff and the title holders, defendants Cooper. This agreement is in the record as Exhibit 1, and provides no more than for an extension of plaintiff's mortgage and the payment thereof in monthly installments of $25. It contained absolutely no reference or agreement as to the possession of the mortgaged premises. At the time said agreement was made the title holders, Cooper, were in possession of the real estate and so remained for a period of over one year thereafter. They then leased the property to the intervener, Joe Beverland, and by agreement the rent was thereafter paid to the plaintiff and applied to the payment of the maturing installments upon his mortgage.

A mortgagee in possession must be such through an agreement with the title holder, and until such an agreement, he has no right other than his mortgage lien. The title and the right to possession remain in the mortgagor. No intention is shown in this record on the part of the plaintiff and the title holder, Cooper, to surrender possession to the plaintiff. The fact that the title holder remained in possession of the premises personally for a year after the alleged agreement for possession, and the further fact that the mortgagee paid no taxes or insurance during the period he claims to have been in possession, are very strong circumstances showing that the possession of the premises was not changed, and that neither party intended that it should be changed. We hold that the plaintiff was not and is not a mortgagee in possession, and that there is no merit in plaintiff's contention at this point.

The plaintiff alleges in his petition that the principal defendants are insolvent and that the mortgaged real estate is wholly insufficient to satisfy plaintiff's indebtedness; but there is absolutely no proof as to these allegations. The mortgage contains no pro-

vision for the appointment of a receiver, and under this record the plaintiff would not be entitled to the appointment of a receiver to collect the rents and profits arising from the mortgaged premises.

It is true, and we have held, that a stipulation in the mortgage authorizing a mortgagee to take possession of the premises is equivalent to a pledge of the rents and profits. Keokuk Trust Co. v. Campbell, 205 Iowa 414, 215 N. W. 960; King v. Good, 205 Iowa 1203, 219 N. W. 517. And where the rents and profits are pledged in a real estate mortgage, the court will appoint a receiver, even though the mortgage does not so provide, on a proper showing of insolvency and inadequacy. Cooley v. Will, 212 Iowa 701, 237 N. W. 315. Even where the mortgage provides for the appointment of a receiver, we have held there must be a showing of inadequacy of security to warrant the appointment of a receiver and the taking from the owner the right given him by the statute to the premises during the year allowed him for redemption. Prudential Insurance Co. v. Puckett, 216 Iowa 406, 249 N. W. 142, and cases cited. But plaintiff makes no claim by reason of these rules. His only claim is that he is a mortgagee in possession and entitled to the rents and profits by reason of that fact. The record does not sustain him in his claim. We are satisfied with the finding and ruling of the trial court, and an affirmance necessarily follows.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, STEVENS, MITCHELL, and KINTZINGER. JJ., concur.