**LOGAN et al. v. MAUK et al.**

**No. 4991.**

Court of Civil Appeals of Texas. Amarillo.

Feb. 20, 1939.

Rehearing Denied March 27, 1939.

R. T. Meador, of Dallas, for appellants.

John A. Coffee, of Big Spring, and W. H. Russell, of Hereford, for appellees.

JACKSON, Chief Justice.

This is an appeal from an order made by the District Court of Deaf Smith County on February 21, 1937 at a regular term thereof appointing A. O. Thompson receiver of the estate of Mrs. F. H. Britain, who died January 15, 1936.

The record reveals that at her death the deceased left as her surviving heirs three daughters, Maud Mauk, the wife of J. L. Mauk, Billie Moreman, the wife of Charles E. Logan, and Pearl Stallings. She also left surviving her three grandchildren, Conrad Robinson, Frankabel Robinson and Britain Robinson.

On July 17, 1937 Maud Mauk and her husband and Conrad and Britain Robinson, as plaintiffs, instituted suit in the District Court of Deaf Smith County against Frankabel Robinson, Billie Moreman, Pearl Stallings and Ozro Stallings, as defendants, seeking to partition the estate of Mrs. F. H. Britain, deceased, and asking that the court appoint a receiver with authority to collect rents, pay out the sums necessary, care for the property and sell and dispose thereof under the direction of the court.

The defendants answered by general denial, admitted the property was not subject to partition in kind, and asked that commissioners be appointed, the property sold and the proceeds disbursed.

There is some confusion about who were plaintiffs and who were defendants but at the time the order from which this appeal is prosecuted was made and entered all the parties were before the court and represented.

The record shows that at the time of the death of Mrs. F. H. Britain she owned the north and south part of Block 73, Lots Nos. 1, 2 & 4 in Britain's Subdivision of Block 73, and Lot 8 in Block 24, all situated in the original town of Hereford, in Deaf Smith County. She also owned certain personal property consisting of household and kitchen furniture, one note for the sum of $800 and two notes amounting to the sum of $200, a judgment against L. W. Hough for $1357, and a small sum in cash the amount of which is not stated. It is admitted that the plaintiffs and defendants own the property jointly and are all tenants in common; that the deceased died intestate; no administration was had on her estate and none necessary; that some of the real estate consisted of unimproved non-revenue bearing lots and some improved town lots from which rents were collected; that the personal property was distributed among the different litigants but the ownership thereof was in the estate; that the property is not subject to partition in kind and the only equitable way that the estate can be divided is to sell the entire estate and distribute the proceeds to each of the heirs in proportion to his or her interest therein.

On August 6, 1937 Mrs. Chas. Logan filed a motion for continuance, the case was postponed, and on August 20th she made a second application for continuance and on February 21, 1938 she again sought a continuance and on that day the court granted her application and entered an order to the effect that all parties were present and stated in open court that it was the opinion of all the litigants that a receiver should be appointed to take charge of all of said property owned jointly by the parties in order that the rents should be collected, the taxes and insurance paid, repairs made to the buildings and that the property be sold at either private or public sale, as in the opinion of the receiver should be best. The order then described the property and the court appointed A. O. Thompson receiver of the Britain estate with full power and authority to take possession thereof, collect the notes, keep, preserve and handle the property, pay

the taxes, the utility bills, look for and find a purchaser for the real estate, sell the same all together for a lump sum or in separate tracts either for cash or upon terms, but if sold upon terms at least one-third of the consideration was to be paid in cash and the balance in not exceeding one, two and three years; that the vendor's lien notes were to draw 6% interest, contain the acceleration clause, and provide for 10% attorney's fees. Any sale made was to be reported to the judge of the court, either in term time or in vacation, and the proceeds of the sale, after deducting the necessary expenses, were to be deposited with the district clerk and by him safely kept and disposed of under the order of the court.

A. O. Thompson was required to give a good and sufficient bond in the sum of $500, payable as required by law, before he assumed the duties of receiver.

On March 1, 1938 Mrs. Logan filed her motion to set aside the order of the court appointing a receiver, urging various reasons therefor, and on the same day the court stated in his order that, "After hearing said motion presented by Jno. P. Slaton, attorney for Mrs. Charles E. Logan, formerly Billie Moreman, joined by her husband, Charles E. Logan, and it appearing to the Court that said order appointing A. O. Thompson, as receiver in said order made on 21st day of February, 1938, and entered in the Minutes of said Court in Vol. 6 on page 187, etc. was an agreed order of the attorneys, including R. T. Meador, the attorney then representing Billie Moreman and her husband, Charles E. Logan, in open court, * * * the motion be and is hereby in all things overruled," and the judgment appointing the receiver is before us for review.

The record shows that the order appointing the receiver was based on an agreement made by all the parties and entered by their consent; that the court had jurisdiction of the subject matter and of the litigants, and in their motion to set aside the order neither accident, fraud, mistake or collusion is urged. It is not asserted that any change in the facts or conditions had occurred since the agreement to enter the order was made. The agreement was made in open court and entered of record and appellants may not complain thereof.

In 36 Tex.Jur. 82, para. 37, it is said: "Where the court has acquired jurisdiction to appoint a receiver in a particular case, and an appointment is sought for legitimate purposes, it may proceed upon the consent of the parties interested."

In 25 Tex.Jur. 390, para. 27, it is stated: "The general rule is that a party may not complain of a judgment rendered by consent or on agreement. Such a judgment waives all errors committed before its rendition except such as involve the jurisdiction of the court. It is therefore no valid objection that the cause of action was so defectively stated as to require reversal had the judgment been rendered on a contest."

In Telluride Power Co. of Texas v. City of Teague, Tex.Civ.App., 240 S.W. 950, 954, the court says: "Any judgment which the parties to a suit cause to be entered by a bona fide agreement, no fraud being practiced in it, is binding upon them regardless of what the pleadings and evidence may be, and such judgment is conclusive as an estoppel."

To the same effect are the holdings in Sandoval et al. v. Rosser et al., 86 Tex. 682, 26 S.W. 933; Dunman v. Hartwell, 9 Tex. 495, 60 Am.Dec. 176; Tait v. Matthews, 33 Tex. 12; Shawver v. Masterson, Tex.Civ.App., 65 S.W.2d 1111.

The judgment is affirmed.