**SCOTT et al. v. JONES et al,**

No. 13984.

Court of Civil Appeals of Texas.
Fort Worth.

April 28, 1939.

Rehearing Denied June 16, 1939.

Chas. T. Rowland, of Fort Worth, for appellant.

Callaway, Wade & Davis, of Fort Worth, for appellee J. H. Hartman.

G. R. Lipscomb, Jesse E. Martin, and Arthur Lee Moore, all of Fort Worth, for appellee Clarence Jones, trustee.

DUNKLIN, Chief Justice.

This is an interlocutory appeal from the refusal of the trial court to vacate a receivership. The proceedings involved in the appeal were as follows:

In a suit instituted in the District Court of Tarrant County by Clarence Jones, trustee in bankruptcy, against Mrs. Eliza B. Scott and Mrs. Ella C. Sheahan, both widows, on a promissory note for the principal sum of $11,000, executed by defendants, and for foreclosure of a mechanic's lien on a lot in the City of Fort Worth, for construction of a building with four apartments on the lot, Durward McDonald was appointed receiver. The appointment was made on March 19, 1937, the day the suit was filed, upon application of plaintiffs, and upon agreement of counsel for the defendants in open court at the time of such ap-

pointment. On the following day, towit, March 20, 1937, the receiver so appointed duly qualified as such and took charge of the property.

On December 8, 1937, citation was issued and served on the defendants to answer the suit.

On December 27, 1937, which was nine months after the receiver had been appointed and had taken charge of the property, defendants filed an answer to the merits of the suit, with cross action against plaintiffs and J. H. Hartman, for alleged fraud, growing out of the mechanic's lien contract, and also a motion to vacate the receivership because the grounds alleged in plaintiffs' application for appointment of the receiver were not such as prescribed in Art. 2293, sub. 2, of Vernon's Texas Civil Statutes, authorizing appointment of a receiver, and reading: "In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt."

The application for the receivership was included in the original petition and was as follows: "The plaintiff would further respectfully represent to the court that said building, constructed of four apartments as aforesaid, is vacant and unoccupied and is very desirable rental property and could in all probability be rented for an amount of $120.00 per month, and that it would be to the interest of the plaintiff and the defendants for said property to be placed in the hands of a receiver appointed by this court and rented as aforesaid and the rents, hires and revenues after the payment of the necessary expenses turned into the registry of this court to be applied as payment upon the note and lien sued upon, thus reducing the indebtedness of the defendants and insuring the payment to that extent to the plaintiff, the plaintiff alleging that he is informed and being so informed, believes and states as a fact that the defendants do not have any property or resources out of or from which they can pay the plaintiff's debt."

On November 21, 1938, plaintiff filed his first amended original petition for debt and foreclosure of lien, which also included the same grounds for appointment of receiver as in the original petition.

On January 16, 1939, defendants filed their supplemental answer in reply to plaintiff's amended petition, in which they sought a vacation of the receivership on the same grounds urged in their original answer.

On February 2, 1939, plaintiff filed his third amended original petition, presenting the same cause of action as in his original petition, and alleging the same grounds for appointment of a receiver, with the additional allegation that the property covered by the lien was not of sufficient value to satisfy the debt sued for.

On January 20, 1939, which was one year and ten months after appointment of the receiver, the court continued in force the receivership theretofore ordered and overruled defendants' original and supplemental motions to vacate it. From that order defendants have prosecuted this appeal.

Appellants insist that since the application for the appointment of a receiver did not allege as a ground therefor that the property covered by the lien was "in danger of being lost, removed or materially injured," it was wholly insufficient as a ground for appointment of the receiver, and for that reason the order of appointment was void, as a matter of law, for lack of jurisdiction in the court to make it. And further, that since it was void, their failure to appeal from it within 20 days after the receiver was appointed, as prescribed by Art. 2250, Rev.Civ.St., did not preclude the right to complain of it on this appeal.

By statutes the court was vested with jurisdiction to make the appointment. Sub. 2 of Art. 2293 is not the only ground for appointment of a receiver. By Sub. 4 of the same article, a receiver may be appointed whenever authorized by the usages of equity jurisprudence. Nor does it appear from the record that the receiver was appointed under provisions of Sub. 2 and not under the powers conferred by Sub. 4 of that statute. Furthermore if the appointment was made under authority of Sub. 2, the failure of the application therefor to follow the strict letter of that subdivision was an irregularity of procedure only, which appellants could waive, and did not affect the jurisdiction of the court to make the appointment. And we believe it clear they did waive it and are now estopped to complain of it by their express agreement to the appointment and their subsequent wait of nine months to challenge its validity. Spence v. State Natl.

Bank, Tex.Com.App., 5 S.W.2d 754, and cases cited; Lauraine v. First Natl. Bank, Tex.Civ.App., 204 S.W. 1022; Logan v. Mauk, Tex.Civ.App., 126 S.W.2d 513 and authorities cited.

Accordingly the order refusing to vacate the receivership is affirmed.