248 P.2d 738

**WINGFOOT CALIFORNIA HOMES CO. v. VALLEY NAT. BANK OF PHOENIX.**

No. 5625.

Supreme Court of Arizona.

Oct. 8, 1952.

288

Gust, Rosenfeld, Divelbess, Robinette & Linton, Phoenix, for appellee.

DE CONCINI, Justice.

The plaintiff, Valley National Bank, appellee herein, on June 26, 1951, filed a verified complaint against defendant, appellant, Wingfoot California Homes Co., praying for a money judgment and for foreclosure of certain mortgages. These mortgages were on 43 lots in Chandler, Arizona, where the defendant had constructed a housing development known as Wingfoot Gardens. A copy of the complaint and summons, together with an order to show cause why a receiver should not be appointed, was served on the defendant. The defendant made no response to the order to show cause but was represented at the hearing on the order, held July 11, 1951. A receiver was appointed by the court on July 27, 1951. The appellant's assignment of error is to the effect that the lower court erred in appointing a receiver because:

1. It was without jurisdiction so to do, and

2. The appointment of a receiver was an abuse of discretion by the lower court.

It is defendant's contention that the lower court had no jurisdiction to appoint a receiver in this case even though the parties contracted for the appointment of a receiver, under certain conditions, when the mortgages were executed. Defendant's contention here is correct as an

Herbert Mallamo, Phoenix, for appellant, and Leslie Parry, Phoenix, of counsel.

abstract principle of law since it is well stated that parties may not by contract or stipulation confer jurisdiction on a court. Baker v. Varney, 129 Cal. 564, 62 P. 100; Lewis v. Shaw, 77 Cal.App. 99, 246 P. 86. The right of a court to appoint a receiver must exist under the law independent of a contract in question. However, where the court has acquired jurisdiction to appoint a receiver, and this appointment is sought for a legitimate purpose, it may proceed upon the consent of the parties interested. Logan v. Mauk, Tex.Civ.App., 126 S.W.2d 513.

Section 62–503, A.C.A. 1939, provides in part as follows:

"A mortgage is a lien upon everything that would pass by a grant of the property, but does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage. * * *"

By this section, then, it can readily be seen that if in its opinion a receiver is necessary for the protection and preservation of the property, the court has jurisdiction to appoint a receiver in the instant case to take possession of the mortgaged property for the benefit of the mortgagee. The above statute confers upon the court the jurisdiction to appoint a receiver if conditions warrant it. The mortgages sought to be foreclosed included the "rents, issues, and profits", and also provided "that in any action to foreclose this mortgage a receiver shall, upon the application of the plaintiff in such action and without notice to the defendants, be appointed by the court to take charge of said property. * * *"

The sole remaining issue is whether the court abused its discretion. Appellant's brief and its extensive argument before the court relies on the proposition, that, because it did not have utility easements as it believed it had when it started to build, it was delayed and put to extraordinary expense. While that may be true there is nothing in this record to show that this condition was caused by the plaintiff. The hearing on the order to show cause did not litigate that question nor was it before the court in the form of testimony except that the appellant had been delayed and put to extraordinary expense. The only testimony connecting the plaintiff with the utilities was as follows:

"Q. Mr. Dunlop, you started to relate who is responsible for this failure to get your utility easement, all that sort of thing, which cost you a large sum of money. Do you know at whose door we can lay that? A. The escrow was handled by the Valley National Bank, and they did not get the signature from the party on the agreement. And after he had his money and hadn't signed then he said, 'No'. And we had to go around Hell's half acre, under the Southern Pacific Railroad into the City of Chandler another

**290**

way. We had quite a to do about it during the time."

There was no evidence in the record which tended to show that the plaintiff had the duty to procure the utility easements for the defendant nor was that question presented to the lower court; therefore the defendant cannot now raise that question on appeal.

■ There was conflicting testimony as to the value of the mortgaged property. One witness testified that the property was worth less than the balance due on the notes. The defendant admittedly was collecting about $2,000 per month in rent and was delinquent in five monthly payments on the note and mortgage and had actually collected over $6,000 since making his last payment. From the foregoing, we believe that the trial court did not abuse its discretion.

■ Where there is a danger of a loss to the mortgagee the court acts within its discretion to appoint a receiver. Prudential Insurance Co. of America v. Puckett, 216 Iowa 406, 249 N.W. 142; Hastings v. Wise, 89 Mont. 325, 297 P. 482; Broad & Market Nat. Bank v. Larsen, 88 N.J.Eq. 245, 102 A. 265.

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.