The TRAVELERS INSURANCE COMPANY, Plaintiff–Appellee,

v.

Myron L. TRITSCH, Doris J. Tritsch, Defendants–Appellants,

Farmers & Merchants Bank; Genevieve Windhorst; Drennan Auto Repair; Page County, Iowa; Dale McCubbin, d/b/a McCubbin Seed Farm, Inc.; and Phyllis Tritsch, Defendants.

No. 88–1109.

Court of Appeals of Iowa.

Feb. 23, 1989.

Verd R. Bailey of the Bailey Law Office, Clarinda, for defendants-appellants.

Michael P. Joynt and Kery Anderson of Wasker, Sullivan & Ward, Des Moines, for plaintiff-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

In this appeal from the decree in the foreclosure proceedings, defendants Myron L. and Doris J. Tritsch (Tritsches) claim the trial court erred in appointing a receiver over their property absent any proof they were insolvent. Tritsches also claim the trial court erred in not dismissing plaintiff's action against them because of plaintiff's alleged failure to comply with the mediation provisions of section 654A.6 of the Code of Iowa (1987). We affirm.

Our scope of review is de novo. Iowa R. App. P. 4.

**I.**

Tritsches contend a receiver may not be appointed in a mortgage foreclosure proceeding absent proof the debtor is insolvent. In support of their argument, they rely in part on *American Commercial & Savings Bank v. McCammond*, 213 Iowa 957, 238 N.W. 77 (1931). In *Prudential Insurance Co. v. Puckett*, 216 Iowa 406,

407–8, 249 N.W. 142, 143 (1933), the court stated:

> The first contention of the appellants is that there was no evidence of insolvency of the makers of the note and mortgage, and that this court is committed to the rule that in no case will a receiver be appointed unless insolvency of the mortgagors is shown.
>
> The appellant cites the case of *American Commercial & Savings Bank v. McCammond,* 213 Iowa 957, 238 N.W. 77, 78, as supporting this contention. The question now under consideration was not involved or passed upon in that case. It is true, we there said "we have held that we will not award receivership to a foreclosing plaintiff unless the insolvency of his debtor be shown," but the expression was simply dictum and is not supported by our prior holdings. We have held that a receiver ought not to be appointed in a proceeding to foreclose a mortgage, where the mortgage does not contain a pledge of the rents and profits or a stipulation for the appointment of a receiver, without a showing of insolvency; but we have never held that a receiver should not be appointed, except upon a showing of insolvency, where the mortgage pledges the rents and profits and provides for the appointment of a receiver, and the proof shows inadequacy of the security. *We now hold that where the mortgage pledges the rents and profits and provides for the appointment of a receiver, and the proof shows inadequacy of security, a receiver should be appointed without proof of insolvency.* (Emphasis added.)

■ Paragraph 14 of the Tritsches' mortgage provides for the appointment of a receiver upon foreclosure "with power to enter upon, cultivate and operate the [land], and collect the rents, issues and profits therefrom. . . ." Such language has long been held to constitute a pledge of the rents and profits as security. *Walters v. Graham,* 190 Iowa 481, 486, 180 N.W. 305, 306 (1920). It is clear to us upon a showing of inadequate security, Travelers was entitled to the appointment of a receiver.

Tritsches do not claim, nor do we find, Traveler's security in this case was adequate. Travelers have made a sufficient showing of proof of inadequate security. They filed affidavits of knowledgeable persons the fair market value of the property (security) was between $55,000 and $63,000. The amount of the debt shown in the decree was in excess of $99,000.

In the case of *South Ottumwa Sav. Bank v. Sedore,* 394 N.W.2d 349 (Iowa 1986), our supreme court reaffirmed the following established principle:

> The decision whether to appoint a receiver is a discretionary one to be made by trial court, and we will reverse trial court's decision only if an abuse of discretion can be demonstrated by the challenging party.

The trial court did not err or abuse its discretion in appointing a receiver for the property in dispute.

## II.

Tritsches also contend Travelers failed to comply with the provisions of Iowa Code section 654A.6.

Iowa Code section 654A.6 reads as follows:

**Mandatory mediation proceedings.**

1. A creditor subject to this chapter desiring to initiate a proceeding to enforce a debt against agricultural property which is real estate under chapter 654, to forfeit a contract to purchase agricultural property under chapter 656, to enforce a secured interest in agricultural property under chapter 554, or to otherwise garnish, levy on, execute on, seize, or attach agricultural property, shall file a request for mediation with the farm mediation service. The creditor may not begin the proceeding subject to this chapter until the creditor receives a mediation release, or until the court determines after notice and hearing that the time delay required for the mediation would cause the creditor to suffer irreparable harm. The time period for the notice of right to cure provided in section 654A.2 shall run concurrently with the time period for the

mediation period provided in this section and section 654A.10.

2. Upon the receipt of a request for mediation, the farm mediation service shall conduct an initial consultation with the borrower without charge. The borrower may waive mediation after the initial consultation.

■ Upon our review of this record, we find, as did the trial court, Travelers requested mandatory mediation. The Iowa Farmer/Creditor Mediation Service issued a mandatory mediation notice and scheduled a session for September 26, 1986, for Tritsches, Travelers, Farmers & Merchants Bank, and all other known creditors. On September 26, 1986, Myron Tritsch, Tritsch's attorney, a representative of Travelers, and a representative of Farmers & Merchants Bank attended this scheduled mediation session. In the meantime, between the day Travelers requested mediation and the day of the scheduled mediation session, Travelers unsuccessfully attempted to negotiate a reinstatement of the loan with Tritsches. At the session, a mediation agreement was signed by all parties in attendance. This document stated "the signatures below constitute a release from mediation."

Travelers received a form letter from Iowa Farmer/Creditor Mediation Service dated September 26, 1986, the mediation case was being closed because a session was held and no agreement was reached. Enclosed with this letter was a signed mediation waiver.

We hold Travelers participated in meaningful mediation with Tritsches. There was substantial compliance with Iowa Code section 654A.6. The release signed by the parties and the mediation waiver are viable instruments. Tritsches' contentions to the contrary are without merit.

AFFIRMED.